[Civ. No. 33822. First Dist., Div. Two. June 3, 1975.]

In re the Marriage of ESTHER MAE and JOSEPH PHILIP MERCIER.
JOSEPH PHILIP MERCIER, Respondent, v.
ESTHER MAE MERCIER, Appellant.

**COUNSEL**

Philip A. Di Maria for Appellant.

Gazzera, Antonioli & Bain and Stephen Gazzera for Respondent.

## OPINION

**THE COURT.**\*—After entry of the interlocutory judgment of dissolution of marriage, wife sought an order that husband's Navy retirement benefits were "community property and for an order valuing and dividing the same and that the Final Judgment of Dissolution make express provision therefor." From the order denying her motion, wife appeals. Such an order is appealable as an order made after entry of an appealable judgment. (Code Civ. Proc., § 904.1, subd. (b).)

Respondent husband enlisted in the United States Navy on January 15, 1943. The parties were married on June 21, 1947, three and one-half years after husband's initial enlistment. Husband served on continuous active duty from January 1943 until he completed 20 years of active naval service, when he transferred to the Fleet Reserve. Commencing with his transfer to the Fleet Reserve, husband began receiving retainer pay. (10 U.S.C. § 6330.)

On March 17, 1972, husband filed a petition for dissolution of marriage. Prior to the entry of the interlocutory judgment of dissolution of marriage, the court ruled that husband's retainer pay was "not vested and should not have been set forth as either community property or separate property." It later found that husband's monthly retainer pay was not community property.

On January 15, 1973, the interlocutory judgment of dissolution of marriage was entered. It makes no mention of husband's retainer pay and orders respondent husband to pay appellant wife $1 per year spousal support. Wife did not appeal from the interlocutory judgment in the belief that the court's ruling that retainer pay was neither separate nor community property was correct under *French* v. *French* (1941) 17 Cal.2d 775, 778 [112 P.2d 235, 134 A.L.R. 366]. Instead, in the belief that husband's retirement pay "vested" on February 1, 1973, on January 29, 1973, wife filed a notice of motion for an order re retirement benefits. On June 1, 1973, the court entered its order which states, inter alia: "The motion of respondent Esther Mae Mercier for an order that the Navy retirement benefits of petitioner are community property and for an order valuing and dividing the same is denied. [Par.] Since the right to such benefits did not vest until after the interlocutory decree, the matter is governed by section 5118 of the Civil Code . . . ." Wife appealed from this order.

---

\*Before Taylor, P. J., Kane, J., and Rouse, J.

The issues before us are whether husband's Navy pay did not, in fact, vest with the completion of 20 years active military service, subject to possible forfeiture, and whether the trial court erred in failing to award to appellant wife her proportionate share as community property.

Any discussion of this issue must proceed from an analysis of *French* v. *French, supra,* 17 Cal.2d 775. In *French,* in awarding respondent wife an interlocutory decree of divorce, the trial court included in the community property of the parties the husband's "reserve pay, pension or retired pay" to be received by him "for services in the United States Navy" and divided such pay equally between the parties. Husband appealed from that portion of the decree, contending that any amounts received by him would not be in compensation for services previously rendered but, on the contrary, for services presently rendered, and that it was therefore not community property subject to division upon divorce. Our Supreme Court relied on the language of the Naval Reserve Act of 1938 (former 34 U. S. C. § 853 et seq.) which provided that an enlisted man could transfer to the Fleet Reserve having completed 16 years of naval service and noted that as a member of the Fleet Reserve he could be required to perform not more than two months' active duty in each four-year period, to submit to a physical examination at least once during each four-year period, and to obey its regulations. The court held that husband's "pay as a member of the Fleet Reserve is compensation for the demands the government makes upon him in these particulars; it is not a pension for services which were entirely performed before the date of his transfer." (17 Cal.2d at p. 777.)

It is perhaps unfortunate that neither of the parties in the case now before us traced the Naval Reserve Act of 1938 referred to in *French* to determine its present vitality. The Naval Reserve Act of 1938 was the act of June 25, 1938, chapter 690, 52 Statutes at Large 1175. Title II thereof pertained to the Fleet Reserve. Sections 203 and 206 of that act made reference to transfer to the Fleet Reserve on the completion "of sixteen or more years' naval service." The pertinent provisions of title II were codified in sections 854-854f of title 34 of the United States Code. The Naval Reserve Act of 1938, as amended, was repealed by the Armed Forces Reserve Act of 1952 (act of July 9, 1952, ch. 608, 66 Stat. 481) except for the provisions of title II, and section 304 of title III which is not pertinent here (act of July 9, 1952, pt. VIII, § 803, 66 Stat. 505).

Congress, by act of August 10, 1956, chapter 1041, 70A Statutes at Large 1, revised, codified and enacted into law title 10 of the United

States Code, entitled "Armed Forces." The new title, as substantially amended and brought up to date by the act of September 2, 1958, 72 Statutes at Large 1437, supplanted former title 10, Army and Air Force, and former title 34, Navy.[1]

■ Our analysis of the pertinent sections of present title 10 of the United States Code leads us to the conclusion that the difference between "retainer" pay and "retirement" pay is one of semantics, and that the trial court erred in holding that appellant wife had no community property interest in husband's Navy pay.

Section 6330[2] of title 10 provides:

"(a) The Fleet Reserve and Fleet Marine Corps Reserve are composed of members of the naval service transferred thereto under—

"    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(2) this section.

"(b) An enlisted member of the Regular Navy or the Naval Reserve who has completed 20 or more years of active service in the armed forces may, at his request, be transferred to the Fleet Reserve. . . .

"(c) Each member who is transferred to the Fleet Reserve . . . under this section is entitled when not on active duty, to retainer pay at the rate of 2 1/2 percent of the basic pay that he received at the time of transfer multiplied by the number of years of active service in the armed forces.

---

[1]The disposition of the sections in title II of the Fleet Reserve Act of 1938, former title 34, and present title 10 is shown below:

| Naval Reserve Act § | Title 34 § | Present Title 10 § |
|---|---|---|
| 201 | 854 | 6330 |
| 202 | 854a | 6330, 6332 |
| 203 | 854b | omitted |
| 204 | 854c | 6330, 6331 |
| 205 | 854d | 6485, 6486 |
| 206 | 854e | 6331, 6485 |
| 207 | 854f | 6201 |

[2]Act of August 10, 1956, chapter 1041, 70A Statutes at Large 396; as amended by act of August 1, 1958, section 1(2),(3), 72 Statutes at Large 480. The 1967 amendment is not pertinent here.

A member may recompute his retainer pay under section 1402 of this title to reflect active duty after transfer. . . . However, in no case may a member's retainer pay be more than 75 percent of the basic pay upon which the computation of retainer pay is based.

"(d) For the purposes of subsections (b) and (c), a part of a year that is six months or more is counted as a whole year and a part of a year that is less than six months is disregarded. . . ."

Section 6331[3] of title 10 provides:

"(a) When he has completed 30 years of service, . . . a member of the Fleet Reserve . . . shall be transferred—

"(1) to the retired list of the Regular Navy . . . if he was a member of the Regular Navy . . . at the time of his transfer to the Fleet Reserve . . . or

"(2) to the appropriate Retired Reserve, if he was a member of the Naval Reserve . . . at the time of his transfer to the Fleet Reserve . . . .

"(b) For the purpose of subsection (a), a member's years of service are computed by adding—

"(1) the years of service credited to him upon his transfer to the Fleet Reserve . . .;

"(2) his years of active and inactive service in the armed forces before his transfer to the Fleet Reserve . . . not credited to him upon that transfer; and

"(3) his years of service, active and inactive, in the Fleet Reserve . . . .

"(c) Unless otherwise entitled to higher pay, each member transferred to the retired list or the Retired Reserve under this section is entitled to retired pay at the same rate as the retainer pay to which he was entitled at the time of his transfer to the retired list or the Retired Reserve."

Section 6332[4] of title 10 provides in pertinent part:

---

[3] Act of August 10, 1956, chapter 1041, 70A Statutes at Large 397; as amended by act of August 1, 1958, section 1(4)-(6), 72 Statutes at Large 480.

[4] Act of August 10, 1956, chapter 1041, 70A Statutes at Large 397; as amended by act of August 1, 1958, section 1(7), 72 Statutes at Large 480 and act of September 2, 1958, section 33(a)(33), 72 Statutes at Large 1566.

"When a member of the naval service is transferred by the Secretary of the Navy—

"(1) to the Fleet Reserve;

"     .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(3) from the Fleet Reserve to the retired list of the Regular Navy or the Retired Reserve . . . the transfer is conclusive for all purposes. Each member so transferred is entitled, when not on active duty, to retainer pay or retired pay from the date of transfer in accordance with his grade and number of years of creditable service as determined by the Secretary. . . ."

Section 6485[5] of title 10 provides:

"(a) A member of the Fleet Reserve . . . may be ordered by competent authority to active duty without his consent—

"(1) in time of war or national emergency declared by Congress, for the duration of the war or national emergency and for six months thereafter;

"(2) in time of national emergency declared by the President; or

"(3) when otherwise authorized by law.

"(b) In time of peace any member of the Fleet Reserve . . . may be required to perform not more than two months' active duty for training in each four-year period and shall be physically examined at least once during each four-year period. If any member fails to report for the physical examination, the Secretary may order any pay due that member forfeited."

From review of the sections heretofore set out, we note that while at the time of the decision in *French* v. *French, supra,* Navy enlisted personnel could transfer to the Fleet Reserve upon the completion of 16 years service, under the present statute, subsection (b) of section 6330, no transfer can occur until the completion of 20 or more years of active service. Under subsection (c) of section 6331, unless the individual

---

[5]Act of August 10, 1956, chapter 1041, 70A Statutes at Large 417.

is otherwise entitled to higher pay, retainer pay and retirement pay are computed at the same rate. Under subsection (b) of section 6485, forfeiture of retainer pay occurs only if a member of the Fleet Reserve fails to report for the required physical examination and the Secretary of the Navy orders "any pay due the member forfeited."

It is common knowledge that an individual who completes 20 years active military service is entitled to "retirement" pay. The comparable provisions pertaining to Army and Air Force enlisted personnel both provide for the transfer of said personnel to the reserves of their respective services, and both impose the requirement that they shall perform such active duty as may be prescribed under law; however, both refer only to retirement.[6] Officers of the Navy, Marine Corps,[7] Army,[8] and Air Force[9] are also permitted to retire with the completion of 20 years of active service.

---

[6]"§ 3914. Twenty to thirty years: regular enlisted members

"Under regulations to be prescribed by the Secretary of the Army, a regular enlisted member of the Army who has at least 20, but less than 30, years of service computed under section 3925 of this title may, upon his request, be retired. He then becomes a member of the Army Reserve, and shall perform such active duty as may be prescribed under law, until his service computed under section 3925 of this title, plus his inactive service as a member of the Army Reserve, equals 30 years. Aug. 10, 1956, c. 1041, 70A Stat. 225; Sept. 2, 1958, Pub.L. 85-861, § 33(a) (25), 72 Stat. 1565."

Pay is computed under 10 United States Code section 3991, computation of retired pay.

"§ 8914. Twenty to thirty years: regular enlisted members

"Under regulations to be prescribed by the Secretary of the Air Force, a regular enlisted member of the Air Force who has at least 20, but less than 30, years of service computed under section 8925 of this title may, upon his request, be retired. He then becomes a member of the Air Force Reserve, and shall perform such active duty as may be prescribed under law, until his service computed under section 8925 of this title, plus his inactive service as a member of the Air Force Reserve, equals 30 years. Aug. 10, 1956, c. 1041, 70A Stat. 550."

Pay is computed under 10 United States Code section 8991, computation of retired pay.

[7]10 United States Code section 6323 provides in pertinent part:

"§ 6323. Officers: 20 years

"(a) An officer of the Navy or the Marine Corps who applies for retirement after completing more than 20 years of active service, of which at least 10 years was service as a commissioned officer, may, in the discretion of the President, be retired on the first day of any month designated by the President."

[8]"§ 3911. Twenty years or more: regular or reserve commissioned officers

"The Secretary of the Army may, upon the officer's request, retire a regular or reserve commissioned officer of the Army who has at least 20 years of service computed under section 3926 of this title, at least 10 years of which have been active service as a commissioned officer. Aug. 10, 1956, c. 1041, 70A Stat. 224."

[9]"§ 8911. Twenty years or more: regular or reserve commissioned officers

"The Secretary of the Air Force may, upon the officer's request, retire a regular or reserve commissioned officer of the Air Force who has at least 20 years of service computed under section 8926 of this title, at least 10 years of which have been active service as a commissioned officer. Aug. 10, 1956, c. 1041, 70A Stat. 549."

Our conclusion that the distinction between "retainer pay" and "retirement pay" is now one of historical nomenclature only is enhanced by an examination of chapter 83, Retirement, of title 5 of the United States Code, Government Organization and Employees. Section 8301 of that title, found in subchapter 1, General Provisions, enacted in 1966, provides for a uniform retirement date which is applicable to government personnel, military or civilian.[10] Subchapter II, Forfeiture of Annuities and Retired Pay, commences with definitions. Section 8311 of title 5, also enacted in 1966, provides in pertinent part:

"(1) 'Employee' means—

". . . . . . . . . . . . . . . . .

"(C) a member or former member of a uniformed service;

". . . . . . . . . . . . . . . . .

"(3) 'retired pay' means retired pay, retirement pay, retainer pay, or equivalent pay, payable under a statute to a member or former member of a uniformed service, . . ."

We therefore conclude that a community property interest in husband's Navy pay vested upon respondent's transfer to the Fleet Reserve, which event occurred while the marriage of the parties was still a viable one. In light of the fact that the years giving rise to the pay were served both before and during the marriage, we must remand the cause to the trial court for further proceedings to determine what portion of husband's Navy pay should be declared community property and to make an appropriate award with respect thereto. (*In re Marriage of*

---

[10] 5 United States Code section 8301 provides:

"§ 8301. Uniform retirement date

"(a) Except as otherwise specifically provided by this title or other statute, retirement authorized by statute is effective on the first day of the month following the month in which retirement would otherwise be effective.

"(b) Notwithstanding subsection (a) of this section, the rate of active or retired pay or allowance is computed as of the date retirement would have occurred but for subsection (a) of this section. Pub.L. 89-554, Sept. 6, 1966, 80 Stat. 557."

10 United States Code section 1221 provides:

"§ 1221. Effective date of retirement or placement of name on temporary disability retired list

"Notwithstanding section 8301 of title 5, the Secretary concerned may specify an effective date for the retirement of any member of the armed forces under this chapter, or for the placement of his name on the temporary disability retired list, that is earlier than the date provided for in that section. Added Pub.L. 85-861, § 1(28)(B), Sept. 2, 1958, 72 Stat. 1451, and amended Pub.L. 89-718, § 3, Nov. 2, 1966, 80 Stat. 1115."

*Wilson* (1974) 10 Cal.3d 851 [112 Cal.Rptr. 405, 519 P.2d 165]; *In re Marriage of Brown* (1972) 27 Cal.App.3d 188, 190-192 [103 Cal.Rptr. 510]; *Bensing* v. *Bensing* (1972) 25 Cal.App.3d 889 [102 Cal.Rptr. 255] hg. den.)

The order is reversed and the matter is remanded to the trial court for division of the community property in conformity with this decision.