George TAGGART, Appellant,

v.

Ann TAGGART, Appellee.

No. 1083.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 30, 1976.

Rehearing Denied Sept. 30, 1976.

Fred C. Auforth, Auforth, Nebrat, Keas & McCrury, Corpus Christi, for appellant.

Charles W. Cromwell, Wade & Cromwell, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This appeal concerns the nature of military retirement benefits of an enlisted man in the United States Naval Fleet Reserve. Ann Taggart brought this action in the court below against her former husband, George Taggart, to partition military retirement benefits. The partition suit was filed more than seven years after the divorce decree was entered. Trial was before the court without a jury. Judgment was entered in favor of Ann Taggart and it provided that she receive four-ninths of all Navy retirement benefits received by George Taggart from April 1, 1974, and for so long thereafter as he receives such benefits. It is from this judgment that the defendant appeals.

The trial court filed findings of fact and conclusions of law. The pertinent findings are: that the parties were married October 7, 1947, and were divorced January 5, 1968; that neither the divorce decree nor the property settlement provided for the division of military retirement benefits; that on July 1, 1964, appellant elected to be placed in the Fleet Reserve of the United States Navy; that on July 1, 1964, he had completed 19 years, 9 months and 19 days of active service in the Navy; that on April 1, 1974, appellant was removed from the Fleet Reserve and was retired from the Navy; that appellant has not paid to appellee any of the retirement benefits he has received since April 1, 1974.

The trial court's pertinent conclusions are: that by January 5, 1968, (date of divorce) appellant had served in the Navy the requisite time for retirement and that he at that time had a vested property right to retirement benefits; that eight-ninths of those property rights accrued during the parties' marriage; that appellee is entitled to four-ninths of all retirement benefits if and when received by appellant; that appellee is entitled to $3,360.00 as her community portion of the retirement benefits received by appellant from April 1, 1974, to October 31, 1975.

The appellant has brought eighteen points of error. The essence of his contentions is that at the time the decree of divorce was entered, he did not have a

vested property right in military retirement benefits subject to division as community property. He further asserts that the retainer pay which he received as a member of the Fleet Reserve did not constitute compensation for past services and that he was not eligible for retirement until his completion of 30 years of service. The appellant also argues that Ann Taggart has waived any right she may have had to such benefits.

■ We shall first consider the issue of waiver. The appellant urges that appellee is estopped from now claiming any interest in the military benefits because the property settlement recited that the parties intended to forever settle their property rights and that this agreement was approved by the divorce court. In support of his argument the appellant cites: *Kelly v. Wright,* 144 Tex. 114, 188 S.W.2d 983 (1945); *Neill v. Neill,* 386 S.W.2d 642 (Tex. Civ.App.—Austin 1965, writ dism'd); *Carver v. Huff,* 283 S.W.2d 317 (Tex.Civ.App.— Amarillo, 1955, writ ref'd n. r. e.); and *Brownson v. New,* 259 S.W.2d 277 (Tex.Civ. App.—San Antonio 1953, writ dism'd). We do not agree that those cases are in point. They are cases in which the plaintiff sought to set aside the divorce decree by bill of review. Appellee does not seek to set aside the divorce decree, a decree that does not mention military retirement benefits. When a divorce decree fails to partition community property at the time of the divorce, the former spouses become tenants in common. Either spouse may subsequently bring suit to partition that property which is owned jointly with his or her former spouse. *Busby v. Busby,* 457 S.W.2d 551 (Tex.Sup.1970); *Wilson v. Wilson,* 507 S.W.2d 916 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). We hold, therefore, that Ann Taggart is not estopped from seeking partition. We now proceed to the question of whether at the time of the divorce there was a vested property right in military retirement benefits subject to division as community property.

■ As a general rule a serviceman acquires a vested property right in military retirement benefits when he has served the requisite number of years which would entitle him to elect to retire; this is true whether or not he has so elected. *Busby v. Busby, supra* ; *Mora v. Mora,* 429 S.W.2d 660 (Tex.Civ.App.—San Antonio 1968, writ dismissed).

When Taggart while in the Regular Navy had completed the equivalent of 20 years active military service (19 years, 9 months, 19 days), he exercised his election under 10 U.S.C.A. § 6330 as a member of the Regular Navy to be transferred to the Naval Fleet Reserve. Officers and enlisted members of the Naval Reserve may, at their option, transfer to the Retired Reserve after twenty years of active service. 10 U.S.C.A. § 6327. This option is not available to enlisted members of the Regular Navy. It was thus not available to appellant. An enlisted man in the Regular Navy must complete 30 years of active service before he may apply for retirement. 10 U.S.C.A. § 6326. Or he may, if he has elected to transfer to the Fleet Reserve, be transferred to the retired list of the Regular Navy when he has completed 30 years of total service time. 10 U.S.C.A. § 6331. In either case, the enlisted man in the Regular Navy must serve an aggregate of 30 years before reaching retirement. We hold, therefore, that the trial court incorrectly concluded that at the date of the divorce George Taggart had served in the United States Navy for the length of time necessary to retire. This, however, will not settle the issue. We must go further and determine the legal nature of the property right, if any, that was vested in Taggart at the date of the divorce. That is, we are concerned with the question of whether there is a significant difference between retired status and membership in the Fleet Reserve.

As a member of the Naval Fleet Reserve Taggart was not in a retired status but was subject to be called to active duty in time of war or national emergency. In time of peace he might be required to perform not more than two months active duty for training in every four-year period. 10 U.S. C.A. § 6485. And, according to his transfer

orders, he was required to keep himself in readiness to respond to orders to active duty, to report a change of address promptly, to submit to a physical examination at least once every four years, to inform his commanding officer of any change of health that might prevent active service, to answer all official correspondence promptly and to comply with instructions contained therein, and to notify his commanding officer of plans to reside or travel in a foreign country for more than 30 days. Admittedly the burdens imposed upon a member of the Fleet Reserve when compared with those of active duty are minimal, but a member does not enjoy the privacy and freedom from responsibility which is normally connected with retirement. Obviously the United States Navy derives an important benefit from maintaining the highly trained and experienced personnel of the Fleet Reserve.

When not on active duty a member of the Fleet Reserve receives what is referred to by statute as "retainer pay." 10 U.S.C.A. § 6330. The serviceman's basic pay which he received prior to the transfer to the Fleet Reserve is considered in the computation of this "retainer pay." The statute further provides that the "retainer pay" shall not exceed seventy-five percent of his basic pay. When he has completed the requisite 30 years and is transferred to the retired list, the serviceman is entitled to retirement pay at the same rate as the "retainer pay." 10 U.S.C.A. § 6331(c).

The California Supreme Court held in *French v. French,* 17 Cal.2d 775, 112 P.2d 235, 236 (1941), that the retainer pay received by a member of the Fleet Reserve is compensation for the demands the government makes upon the serviceman and is not a pension for services which were entirely performed in the past. Thus it was held in *French* that the retainer pay was a nonvested property right which was not subject to division as community property. The rule in *French* has recently been modified and California law now requires that a divorce court divide nonvested pension rights although they are but a contingent interest in property. *In re Marriage of Brown,* 15

Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (1976). We find it significant that the *Brown* decision does not disturb the holding in *French* that the compensation to members of the Fleet Reserve constitutes payment for present services rendered and does not mention the holding of the California Court of Appeals rendered six months prior in *In re Marriage of Mercier,* 48 Cal.App.3d 775, 121 Cal.Rptr. 886 (1975). Refusing to follow *French,* the court in *Mercier* held that the difference between retainer pay, received as compensation by a member of the Fleet Reserve, and retirement pay was simply one of semantics and concluded that upon transfer to the Fleet Reserve a property right was vested in the retainer pay and was subject to division as community property.

We have examined the language in the California cases of *French, Brown* and *Mercier* and consider them important to a resolution of the issue here because of the reference to the *French* decision by the Texas Supreme Court in *Ex parte Sutherland,* 526 S.W.2d 536 (Tex.Sup.1975). Sutherland transferred from active duty with the Naval Air Reserve to the Fleet Reserve prior to divorce. The court rendering the divorce adjudged the retainer pay to be community property. Sutherland brought an original habeas corpus proceeding when he was confined after being adjudged guilty of contempt for violating the terms of the divorce judgment by failing to pay his former wife one-half of the retainer pay received by him as a member of the Fleet Reserve. Viewing Sutherland's action as a collateral attack on the earlier judgment, the Court explained that the relator's right to future retainer pay was arguably no less an earned property right than the disability retirement benefits in *Busby v. Busby,* supra, and the question of whether the right is vested and subject to division is a question to be resolved by the court in the divorce proceeding. The Court reasoned that under these circumstances the prior judgment was not subject to collateral attack. The Court cautioned, however, that the determination of the divorce court was not necessarily correct and indicated that

authority supporting a conclusion that the retainer pay was not a vested right was suggested by an examination of *French v. French,* supra. We are therefore persuaded that the Texas Supreme Court would view with favor the rule in *French* that the retainer pay received by a member of the Fleet Reserve is compensation for the demands the government makes upon the serviceman and is not compensation for services which were entirely performed in the past. Consequently we hold that a property right in retirement benefits was not vested in George Taggart at the date of divorce. It was error to partition the benefits. The judgment of the trial court is reversed and it is here rendered that Ann Taggart take nothing.

Reversed and rendered.