In re the MARRIAGE OF Karen Ann LAWSON and Donald Eugene Lawson,

Upon the Petition of Karen Ann Lawson, Appellant,

And Concerning Donald Eugene Lawson, Appellee.

No. 86–1097.

Supreme Court of Iowa.

July 22, 1987.

Pat W. Brooks of Brooks, Ward & Trout, Marshalltown, for appellant.

Kjas T. Long, Cedar Falls, for appellee.

Considered by McGIVERIN, P.J., and SCHULTZ, CARTER, WOLLE and NEUMAN, JJ.

SCHULTZ, Justice.

The issue in this appeal concerns the interpretation of the word "retirement" found in a stipulation and agreement that was approved and made a part of a decree of dissolution of marriage. At the time of the decree in September of 1983, the respondent, Donald Eugene Lawson, was serving in the United States Navy on active duty. The dissolution decree approved the parties' agreement that petitioner was to be paid by respondent "upon his retirement from the United States Navy, that portion of his total disposable retired or retainer pay which equals" an amount determined by a formula. Petitioner maintains that she is presently entitled to receive 19.98% of the payments respondent receives from the Navy. The trial court disagreed with this contention and held that respondent's transfer to inactive status in the Fleet Reserve cannot be considered retirement from the Navy. We do not agree with this conclusion and reverse and remand for the entry of a decree consistent with this opinion.

After twenty-two years of active duty in the Navy, respondent on September 1, 1985 transferred to inactive duty in the Fleet Reserve. In this status respondent is not assigned any duty but is subject to recall to active duty. He is employed full-time in civilian status by McDonnell Douglas Aircraft Company at the Kennedy Space Center in Florida. While he is in the Fleet Reserve, respondent receives retainer pay of $1,200 per month. When the total of his active and inactive duty equals thirty years, he will be transferred to the retirement list and will be entitled to retired pay. Because his retired pay is calculated based on the time spent in active duty, his eventual retired pay will be less than it would have been, had he remained on active duty for the entire thirty years.

The heart of this dispute concerns the interpretation of the terms of the parties' stipulation settlement, which was incorporated into the decree. Petitioner claims that pursuant to the stipulation and decree she is entitled to a share of respondent's retainer pay from the time he left active duty in the Navy. Respondent, on the other hand, urges that the triggering event for the commencement of payments is his retirement from the Navy, which will not occur until he has served thirty years, unless he is otherwise retired because of disability.

■ Certain principles guide us in our construction of a decree. Although a stipulation of settlement in a dissolution proceeding is a contract between the parties, it becomes a final contract when it is accepted and approved by the court. *Prochelo v. Prochelo*, 346 N.W.2d 527, 529 (Iowa 1984). "When the stipulation is merged in the dissolution decree it is interpreted and enforced as a final judgment of the court, not as a separate contract between the parties." *Id.* at 530 (citing *Bowman v. Bennett*, 250 N.W.2d 47, 50 (Iowa 1977)).

■ A judgment or decree is to be construed like any other written instrument. "The determinative factor is the intention of the court as gathered from all parts of the judgment." *Cooper v. Cooper*, 158 N.W.2d 712, 713 (Iowa 1968) (citing *Whittier v. Whittier*, 237 Iowa 655, 663, 23 N.W.2d 435, 440 (1946)). "Effect must be given to that which is clearly implied as well as that which is expressed." *Id.* In construing a judgment, force and effect should be given every word, if possible, to

give the judgment as a whole a consistent, effective and reasonable meaning. *Batliner v. Sallee,* 254 Iowa 561, 564, 118 N.W.2d 552, 554 (1962).

Under the plain terms of the stipulation and decree, respondent is required to make payments to the petitioner upon respondent's retirement from the Navy. Did the court intend that retirement would take place when respondent moved to inactive duty in the Fleet Reserve or at the time respondent was entitled to retirement pay? We believe the answer to this query is apparent when we examine all parts of the decree in light of the circumstances during the relevant period.

The designated fund from which payment is to be apportioned under the formula can come from two sources, "retired or retainer pay." Respondent is not entitled to retired pay at this time, but is entitled to and receives retainer pay. After twenty years of active service in the Navy, a member may go on inactive duty and receive retainer pay. Retired pay may be received by a member who has served at least twenty years active duty and a total of thirty years including inactive duty.

California appeals courts in two different cases have discussed the distinctions between inactive duty in the Fleet Reserve and retirement. *In re Marriage of Davis,* 113 Cal.App.3d 485, 489–90, 169 Cal.Rptr. 863, 865–66 (1980); *In re Marriage of Mercier,* 48 Cal.App.3d 775, 779–83, 121 Cal. Rptr. 886, 888–89 (1975). In *Mercier* the California court stated that the difference between retainer pay and retired pay was one of semantics and that no distinction should be made between the two when it came to division of property under California's community property laws. 48 Cal. App.3d at 779, 121 Cal.Rptr. at 888; *see also In re Marriage of Foster,* 180 Cal. App.3d 1068, 1072, 227 Cal.Rptr. 446, 448 (1986). *But see Sprott v. Sprott,* 576 S.W.2d 653, 655 (Tex.Civ.App.1978). Thus, the California court treats retainer pay as a vested compensation rather than pay for services presently rendered.

■ In this action we disagree with the trial court's conclusion that respondent's

"[i]nactive status in the Fleet Reserve cannot be considered retirement." The language of the stipulation approved by the court in the original decree negates this conclusion. The stipulation provides for payments from respondent's "retainer pay." This indicates an intention by the court that approved the stipulation to consider respondent's retirement date to be the date he became entitled to "retainer pay." Otherwise, the use of the term "retainer pay" would have no effect and would be surplusage. The record does not indicate, nor does respondent in his brief claim or show, that "retainer pay" would be available to him in any other status than as an inactive member of the Fleet Reserve. Consequently, we conclude that receiving retainer pay while on inactive duty is consistent with retirement. In speaking of retainer pay the California court stated, "[I]t is common knowledge that an individual who completes twenty years active military service is entitled to 'retirement' pay." *Mercier,* 48 Cal.App.3d at 782, 121 Cal. Rptr. at 889.

Furthermore, the plain meaning of the term "retirement" is "withdrawal from one's position or occupation or from active working life." *Webster's New Collegiate Dictionary* 981 (1981). Respondent effectively ended his active working life with the Navy when he entered the Fleet Reserve. He had no active work with the Navy. Respondent's status fits the stipulation terms referring to retirement from the Navy.

In arriving at our holding we have not considered a *"Navy Guide"* submitted to the court by the petitioner after the record had been completed at the trial court level. Consequently, we need not pass on respondent's motion to strike the filing.

■ We have considered both petitioner's motion for award of attorney fees and costs incurred in this appeal and respondent's resistance to that motion. The action to establish petitioner's rights to the retainer pay is in the nature of a modification for the purpose of determining the amount respondent owed under the decree. We believe that attorney fees may be as-

sessed as a part of the cost. *See* Iowa Code §§ 598.24, .36. Cost of the appeal is assessed against respondent. We further hold that under the circumstances of this case respondent should contribute $1,250 towards petitioner's attorney fees at trial and on appeal. We do not intend to establish the amount of the fees; we only establish what respondent shall pay.

In summary, we conclude that under the terms of the decree respondent reached retirement when he left active duty and entered the Fleet Reserve. The retainer pay that he received from that date on is subject to apportionment in favor of the petitioner as is provided in the decree. We reverse the trial court's ruling and remand for the entry of a decree granting petitioner's application and consistent with our holding concerning costs and fees.

REVERSED AND REMANDED.