# IN THE COURT OF APPEALS OF IOWA

No. 21-0449
Filed November 23, 2021

**IN RE THE MARRIAGE OF BRIAN L. FREIBERG
AND AMANDA J. FREIBERG**

**Upon the Petition of
BRIAN L. FREIBERG,**
    Petitioner-Appellant,

**And Concerning
AMANDA J. FREIBERG,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Marshall County, Christopher C. Polking, Judge.

Brian Freiberg appeals the district court's order on remand following a modification proceeding. **AFFIRMED.**

Eric Borseth of Borseth Law Office, Altoona, for appellant.

C. Aron Vaughn of Kaplan & Frese, LLP, Marshalltown, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**VAITHESWARAN, Presiding Judge.**

This is the third appeal involving a dissolution of marriage decree. *See In re Marriage of Freiberg*, No. 19-0092, 2020 WL 109589 (Iowa Ct. App. Jan. 9, 2020); *In re Marriage of Freiberg*, No. 16-1135, 2016 WL 7394886 (Iowa Ct. App. Dec. 21, 2016). Brian Freiberg contends "[t]he nexus of this appeal is the interpretation of the Court of Appeal's ruling reversing in part and remanding on the issue of visitation and child support."

In our 2020 opinion, we addressed visitation as follows:

> In response to questioning by the court during oral arguments, Amanda's attorney conceded Brian's proposed visitation schedule was agreeable to Amanda. Based on that concession, we reverse the visitation portion of the modification decree and remand for substitution of Brian's proposed visitation schedule set forth in his request for relief filed on October 9, 2018, which provides the following:
> > i. Summer break: Alternating weeks beginning the day school excuses for the summer at 9:00 a.m. and ending the day school resumes at 9:00 a.m. The parties will exchange the children Friday at 9:00 a.m.
> > > a. The midweek visits during the summer are vacated. There shall be no midweek visits during the summer break from school.
> > ii. School Year:
> > > a. Weekends: Alternating weekends beginning Friday at 9:00 a.m. and ending Monday at 9:00 a.m. If there is no school on Monday then visitation will continue until Tuesday at 9:00 a.m.
> > > b. Midweek Visit: Every Thursday at 9:00 a.m. and ending Friday at 9:00 a.m.

*Freiburg*, 2020 WL 109589, at *3–4. We also "reverse[d] and remand[ed] for substitution of Brian's requested visitation provision, as set forth in this opinion and his October 9, 2018 request for relief, and for reconsideration of child support in light of the change." *Id.* at *4.

On remand, Brian asked the district court to interpret our opinion to require substitution of more than the quoted visitation provision. The court declined the request, reasoning:

> While the appeals court references Brian's requested visitation provision, that language is qualified by the phrase "<u>as set forth in this opinion</u> *and* his October 9, 2018 <u>request for relief</u> . . . ." (emphas[i]s added). That request for relief contains only one subparagraph that is entitled "Visitation." This indicates that the language to be substituted is that language which is both set forth in the opinion *and* in Brian's request for relief. That is bolstered by looking at the other location in the opinion where what language to be substituted on remand is referred to: "substitution of Brian's proposed visitation schedule set forth in his request for relief filed on October 9, 2018, <u>which provides the following</u>: . . . ." (emphasis added). Those two areas of the appellate opinion taken together signal that the intent of the court was to only substitute that portion of the language that was both contained in Brian's request for relief and directly referenced by the appellate court in its opinion. Otherwise the use of the word "and" italicized above, and the phrase "which provides the following" would both be unnecessary.
> Taking that language from the appeals opinion and comparing it to the district court's opinion, the court finds that paragraphs i. Summer Break and ii. School Year were meant to substitute for paragraphs 4(a) and 4(b) of the district court order which deal with visitation amounts. Paragraphs 4(c) and 4(d) of the district court order deal with exchanges and phone contact, not visitation time, and would not be replaced.

Brian now argues, "It seems clear that the Court of Appeals intended that not only would the specific provision they recited in the opinion be included in the remand," but also holiday provisions, spring break provisions, and phone call provisions contained in his request for relief. If our opinion were interpreted in that manner, he asserts, his extraordinary visitation credit against his child support obligation would increase from fifteen to twenty percent. *See* Iowa Ct. R. 9.9 (revised on other grounds effective September 3, 2021).

The district court correctly interpreted our prior opinion. *See In re Marriage of Lawson*, 409 N.W.2d 181, 182 (Iowa 1987) ("The determinative factor is the intention of the court as gathered from all parts of the judgment."). As the district court inferred from the related parts of the opinion, our intent was to substitute paragraph (b) of Brian's request for relief, titled "Visitation," and no other paragraph. The holiday and spring break provisions appeared in a different paragraph of Brian's request for relief, as did the phone call provision. The district correctly concluded those provisions were not to be substituted on remand.

Amanda seeks appellate attorney fees. Because she prevailed, we order Brian to pay $1000 toward her appellate attorney fee obligation. *See In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005) (considering relative merits of appeal).

**AFFIRMED.**