Walter E. BORK, Jr., Plaintiff,

v.

The Honorable R. K. RICHARDSON, Judge of the Second Judicial District of Iowa, Defendant.

No. 62775.

Supreme Court of Iowa.

March 19, 1980.

Rehearing Denied April 22, 1980.

Arthur E. Ryman, Jr., of Boone County Legal Aid, for plaintiff.

Thomas J. Miller, Atty. Gen., and Robert E. Keith, Asst. Atty. Gen., for defendant.

Considered by REYNOLDSON, C. J., and REES, HARRIS, McGIVERIN, and LARSON, JJ.

LARSON, Justice.

Plaintiff in this certiorari action asserts the respondent judge acted illegally in finding him in contempt of court for failure to pay amounts required to be paid under a temporary support order. He alleges the trial court could not, after the dissolution action was dismissed pursuant to Iowa R.Civ.P. 215.1, find him in contempt for failure to make payments during the pendency of the action. We conclude that the court had authority to enter the order and therefore annul the writ.

Cynthia R. Bork filed a petition for dissolution of marriage in 1974. Respondent denied paternity and the existence of a marital relationship. Pursuant to a local rule, temporary support in the amount of

$150 per month and $100 in attorney's fees were awarded without hearing. Mr. Bork then petitioned for a hearing, but before it was held he stipulated to a $115 monthly support payment. The hearing on temporary support was therefore cancelled. A November 4, 1974, docket entry indicates that the court was aware of the existence of the stipulation and that it was "to be presented to [the] Court for approval." However, there is no later entry to indicate that the trial court ever approved the stipulation or rescinded its earlier order. The petition was dismissed by operation of law on January 1, 1977. Cynthia's attempt to have the dismissal set aside was denied as untimely.

On July 6, 1978, Cynthia filed an application with the court to find Walter in contempt for failure to have made the support payments. There is no explanation in the record for the long delay in enforcement of the temporary award; however, this issue is not presented on appeal. Walter responded to the application with a petition to vacate the temporary order. Following hearing, the trial court found Walter in contempt of court and sentenced him to serve thirty days in jail. However, the order allowed Walter "the right to purge himself of this contempt by the payment of the $150.00 as ordered by the Court in the [temporary] support order for the months of September, October, and November of this [i. e., 1978] year . . . ." Walter filed this action alleging ten bases of illegality in the trial court's actions. By stipulation of the parties, agreed to by this court, only one such basis is currently presented: Are temporary support orders enforceable after the dismissal of a dissolution action under rule 215.1 for amounts owed prior to dismissal?

Other jurisdictions are split on the effect of the termination of underlying proceedings upon the enforceability of pendente lite allowances. Several allow enforcement as to amounts accrued during the pendency of the dissolution proceeding, even after a dismissal or a judgment in favor of the party against whom the order is directed. *See, e. g., Douglas v. Superior Court*, 143 Cal.App.2d 17, 18–19, 299 P.2d 285, 286

(1956) *cited with approval in Sarracino v. Superior Court*, 13 Cal.3d 1, 9, 529 P.2d 53, 59, 118 Cal.Rptr. 21, 26 (1974). Others follow the rule that there can be no recovery following such a termination. *See, e. g., Brunell v. Brunell*, 494 S.W.2d 621, 623 (Tex.Civ.App.1973).

This court has never addressed the precise question presented in this case. However, in *Britven v. Britven*, 259 Iowa 650, 659, 145 N.W.2d 450, 456 (1966), we recognized that temporary allowances are not necessarily merged in or terminated by a final judgment. We said:

> Without passing upon the terminability of unpaid alimony awarded pendente lite [by the entering of a divorce decree,] we do elect to accept the holding that accrued installments of temporary alimony previously allowed in a divorce action may be saved by a judgment for the total sum then owing as a part of a final decree of divorce.

The plaintiff argues that if the accrued installments under a temporary support order are not preserved in the final decree there is "no enforceable residue" which will survive the decree.

Each of the litigants points to a different provision of our dissolution statute which, it is argued, is dispositive of this case. Section 598.14 provides:

> If the order is not . . . modified it shall continue in force and effect until the action is dismissed or a decree is entered dissolving the marriage.

Walter argues that the negative implication of this section is that such orders are without force or effect after final disposition. He focuses on the word "effect" and argues that to allow a temporary support order to be enforced, after dismissal, would give it "effect" after "the action is dismissed," in violation of this provision. We reject Walter's argument because, despite the canon of statutory construction that "effect must be given, if possible, to every word, clause and sentence of a statute," 2A A. Sutherland, *Statutes and Statutory Construction* § 46.06 (4th ed. 1973) (quoting *State v.*

*Bartley*, 39 Neb. 353, 358, 58 N.W. 172, 174 (1894)), we do not believe the legislature intended such a literal interpretation of the phrase "force and effect" here. *See* Sutherland, *supra*, § 46.07. These yoked words, or their equivalents, are legal terms which occur frequently in statutory provisions and in the "legalese" of our profession. (For example, the term is used in each of the two Code provisions involved here.) This militates strongly against construing each word separately so as to give it independent effect. The "force and effect" language of this section simply means that no new obligations will accrue under the temporary order after dismissal or decree; it does not proscribe the collection of such amounts already accrued.

Cynthia's argument, on the other hand, is based upon section 598.22, which provides:

All orders or judgments providing for temporary or permanent support payments . . . shall have the same force and effect as judgments when entered in the judgment docket and lien index and shall be a record open to the public.

She argues that this provision means that each payment becomes a separate judgment on the date it becomes due and cannot be disturbed by the subsequent dismissal of the action. We do not believe that Cynthia's argument, based upon section 598.22, is necessarily dispositive, because it does not deal with the post-termination effect of temporary support orders. However, we note that this section appears to place orders for temporary support, at least during the pendency of the action, on a par with judgments for permanent support and gives them "the same force and effect as judgments." We have noted that this section codifies the principle that "[e]ach installment is in itself a judgment as it becomes due." *Cullinan v. Cullinan*, 226 N.W.2d 33, 35 (Iowa 1975) (regarding permanent support). Such attributes have weighed heavily in the determination of other courts to allow temporary support orders to be enforced after the main proceeding has terminated. *See Biltmore Drugstore v. Superior Court*, 101 Cal.App. 363, 281 P.2d 710 (1929)

*cited with approval in Douglas*, 143 Cal. App.2d at 18–19, 299 P.2d at 286.

Several other decisions have noted the similarities in the effects of judgments and temporary support orders. We have said, for example:

The application for [temporary] alimony, though not a separate suit, is a proceeding for a separate judgment, and when granted has nothing to do with the final judgment in the case and will not be affected by it. It is a final judgment in the sense that an appeal may be taken therefrom.

*Walsmith v. Jackson*, 195 Iowa 630, 632, 192 N.W. 513, 514 (1923). *Accord, Hite v. Hite*, 124 Cal. 389, 393, 57 P. 227, 229 (1899), *quoted in Biltmore Drugstore*, 101 Cal.App. at 364–65, 281 P. at 710.

Walter argues it would be bad policy to allow temporary support orders to be enforced after dismissal of the suit. He notes that temporary support may be awarded on a prima facie showing of the existence of the marriage relationship citing *In re Marriage of Winegard*, 257 N.W.2d 609, 615 (Iowa 1977). He argues that to allow the temporary award to be enforced would be inequitable because he had contested the dissolution on the ground that no marital relationship existed. Thus, the prima facie finding of a marriage which was implicit in the temporary support order was never ratified, in effect, by a decree based upon a full hearing. He argues that "such an order gains no support from the dismissal of the action such as to move its factual predicate up to a preponderance of evidence from a mere presumptive showing [of the marriage] and justify post-dismissal enforcement." He reasons, therefore, that "[i]f there was no marriage . . . then no rights enforceable in a dissolution case ever existed and the temporary order is appropriately dissolved on dismissal." There are two basic weaknesses in this argument. First, he foreclosed the possibility of a favorable determination of his liability for support by entering into the stipulation for payment of it. Also, the concept that a

temporary order depends somehow for its validity upon a later decree would lend great uncertainty to these proceedings and would fail to effect the strong policy considerations underlying them. Under that theory it presumably could be argued that, if a full hearing ultimately failed to establish liability for support, a refund of temporary support previously ordered could be demanded on the basis that it had been improvidently granted. Further, nothing in the rationale of the rule recognized in *Winegard* and other cases that temporary allowances may be made upon a prima facie showing of liability suggests that they are in any way contingent upon later "enforcement" by a full decree.

In some cases it is inevitable that temporary support will be ordered which will be determined, after full hearing, not to have been justified. We believe, however, that in balancing the policy considerations it is preferable to provide temporary support pending the outcome of the case, even if it is later determined that a preponderance of the evidence did not support it. Our concern about such occasional injustice is outweighed by our concern that parties affected by dissolution actions, especially children, be adequately provided for while awaiting a final decision. We conclude, therefore, that this temporary support order did not lose its enforceability because it was not reinforced by a final decree.

This appellant raises other policy issues, including the effect of an adverse ruling on future abstract examinations. We find none of them persuasive. To the contrary, a very strong countervailing policy must be considered. A ruling in favor of the appellant here, denying enforceability of an order which was concededly valid when entered, would foster disregard for the courts and reward litigants who ignore their orders. We obviously are reluctant to encourage such attitudes.

Based upon this interpretation of our dissolution statutes and the strong policy considerations favoring support of dependents and the enforceability of the court's orders, we hold that the temporary support order here was enforceable after dismissal of the underlying dissolution action. The district court was correct in so holding, and the writ of certiorari previously issued must therefore be annulled.

WRIT ANNULLED.