In re the MARRIAGE OF Eileen M. SYLVESTER and Thomas H. Sylvester.

Upon the Petition of Eileen M. Sylvester, Appellee,

And Concerning Thomas H. Sylvester, Appellant.

No. 86–1230.

Supreme Court of Iowa.

Sept. 23, 1987.

James W. Affeldt of Eells, Blackstock, Affeldt & Harms, Cedar Rapids, for appellant.

Stephen B. Jackson of Hines, Pence, Jackson, Day & Powers, Cedar Rapids, for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ and LAVORATO, JJ.

McGIVERIN, Justice.

Respondent Thomas H. Sylvester (Tom) petitioned for a declaratory judgment by the district court stating that his obligation for temporary child support, which had accrued prior to the decree of dissolution of his marriage to petitioner Eileen M. Sylvester, was unenforceable. The trial court ruled adversely to Tom. He now appeals. Upon consideration of the issues raised, we affirm in part and reverse in part.

I. *Background facts and proceedings.* Eileen and Tom Sylvester were married in 1968. The couple had two children: one born in 1970 and another in 1975. In 1976 Eileen petitioned for dissolution of the marriage. On her application, the court entered an order for temporary child support and maintenance on November 24, 1976. The order required payments of $350 per month by Tom to Eileen, who was given temporary custody of the two children.

In January 1979, the dissolution action was dismissed by operation of law under Iowa Rule of Civil Procedure 215.1. The district court reinstated the action on Eileen's motion on February 13, 1979.

On August 10, the court entered its decree dissolving the marriage of Eileen and Tom Sylvester. The decree incorporated by reference the provisions of a stipulation entered into by Tom and Eileen which Tom claims released him from his unpaid temporary child support obligation. At the time of the dissolution decree Tom owed unpaid temporary child support under the November 24, 1976, order of over $3000.

Tom did not pay any amounts for accrued temporary child support for six years following the entry of the stipulation and

dissolution decree. At the time of trial of this declaratory judgment action, however, he was current on his child support obligation mandated by the decree. This was due in part to vigorous child support efforts by the Friend of the Court office in Linn County and a wage assignment of Tom's wages. *See* Iowa Code § 598.22.

In 1985 Eileen began to garnish Tom's wages to collect on the temporary child support obligation.

Tom then petitioned for a declaratory judgment. He sought a judgment from the court that his temporary child support obligation was unenforceable. He argued that: (1) the obligation was released by the stipulation; (2) the dismissal under rule 215.1 voided the temporary child support order; and (3) Eileen waived her right to collect the temporary child support arrearage by her failure to timely pursue the claim. Concurrently, Eileen applied for a modification of various child support provisions of the dissolution decree. The trial court ruled that Tom remained responsible for the accrued temporary child support and denied Eileen's application for a modification of the child support provisions of the dissolution decree. Only Tom appeals from this ruling.

On appeal Tom asserts that the trial court erred: (1) in concluding the rule 215.1 dismissal did not affect the temporary child support obligation; and (2) in ruling his accrued temporary child support obligation survived the release provision of the stipulation and decree.

In this equity case our scope of review is de novo. Iowa R.App.P. 4.

■ II. *Effect of rule 215.1 dismissal and reinstatement on temporary child support order.* Tom argues that the dismissal under Iowa Rule of Civil Procedure 215.1 of Eileen's petition for dissolution voided the temporary child support order which Eileen has been enforcing by garnishment. Tom correctly asserts that the dismissal of a case under rule 215.1 is without prejudice, and a judgment of dismissal without prejudice leaves the parties as if no action had been instituted. *See Pollock v. Deere & Co.*, 282 N.W.2d 735,

738 (Iowa 1979); *Windus v. Great Plains Gas*, 254 Iowa 114, 124, 116 N.W.2d 410, 415–16 (1962). Thus, he argues the temporary child support order was of no effect under Iowa Code section 598.14 (1985) after dismissal of the case in January 1979.

Iowa Code section 598.14 specifies how a temporary order is made and modified in a dissolution action. It further states: "If the order is not so modified it shall continue in force and effect until the action is dismissed or a decree is entered dissolving the marriage." Iowa Code § 598.14. Tom claims a literal reading of this statute at the least voids his responsibility for temporary child support from the date of dismissal to the entry of the dissolution decree.

One case of significance in our interpretation of section 598.14 is *Bork v. Richardson*, 289 N.W.2d 622 (Iowa 1980). In *Bork* the wife filed a petition for dissolution of marriage. *Id.* at 622. A temporary support order was entered in favor of the wife. Subsequently, by operation of rule 215.1, the petition for dissolution was dismissed and efforts to reinstate the case were unsuccessful. *Id.* at 623. The wife then filed an action for contempt against her husband based on his failure to make the temporary support payments. The husband argued the temporary support order was unenforceable following the rule 215.1 dismissal due to the language of Iowa Code section 598.14. We stated: "The 'force and effect' language of this section simply means that no new obligation will accrue under the temporary order after dismissal or decree; it does not proscribe the collection of such amounts already accrued." *Id.* at 624.

Based on *Bork*, Tom remained responsible for all sums accrued for temporary child support prior to January 1, 1979. Under this assignment of error there still remains the question of the enforceability of the temporary child support obligation from that date to the date of entry of the dissolution decree.

■ A literal reading of the statute and acceptance of Tom's argument does not give effect to the subsequent reinstatement of Eileen's petition for dissolution of the

Sylvesters' marriage. One annotation discusses the effect of a final decree or dismissal of a divorce action on the enforceability of a temporary alimony order. Annotation, *Final Decree or Dismissal of Suit for Divorce as Affecting Subsequent Enforceability by Contempt or Otherwise of Past Defaults in Payment of Temporary Alimony*, 154 A.L.R. 530 (1945). The types of dismissal contemplated in that article were dismissal on the merits of the case or dismissal by voluntary act of one of the parties. Annotation at 530–31.

While section 598.14 does not distinguish between different types of dismissal, it is clear that the statute fails to discuss reinstatement of a case. In *Bork* we noted the policy behind temporary child support orders is to provide adequately for the children of the marriage pending a final decision. 289 N.W.2d at 625. This policy would be frustrated if we declared unenforceable a child support order in a dissolution case which was dismissed for want of prosecution and subsequently reinstated.

A reinstated case is to be placed "in the position [it] enjoyed prior to dismissal." *United States v. Green*, 107 F.2d 19, 22 (9th Cir.1939). Following reinstatement, the case "stands precisely as though the judgment [of dismissal] had never been entered." 24 Am.Jur.2d *Dismissal, Discontinuance, and Nonsuit* § 82, at 67 (1983). For all practical purposes, reinstatement voids the effect of the previous dismissal. *Cf.* Iowa Code § 614.10 (refiling of action within six months following some dismissals merits treatment of case as continuation of former action for purposes of the statute of limitations).

We then must review the status of Eileen's action for dissolution of her marriage to Tom. As of December 31, 1978, the day prior to dismissal of Eileen's case under rule 215.1, a temporary child support order existed requiring Tom to pay $350 per month toward his children's support pending the disposition of the dissolution action. If, as we have stated, the effect of reinstatement of the case is to restore the position of the parties immediately prior to the dismissal, then clearly the temporary

child support obligation would stand, with no relief granted for the six-week period during which the case stood dismissed and before reinstatement. This result is consistent with our policy requiring provision for the children of a marriage pending the dissolution of that marriage.

In summary concerning this assignment of error, Tom remained responsible for the accrued temporary child support obligation because (1) the rule 215.1 dismissal did not affect the enforceability of the predismissal accruals, and (2) the reinstatement voided the effect of the dismissal, thereby restoring the support obligation from the date of the rule 215.1 dismissal to the date of the dissolution decree.

■ III. *Release of temporary child support obligation.* Although Tom remained liable at the date of the dissolution decree for child support payments accrued since November, 1976, we conclude that paragraph 18 of the marriage dissolution stipulation, which was incorporated by reference into the decree, released Tom of that obligation.

Paragraph 18 of the stipulation read in part:

Except as otherwise expressly provided, the parties shall and do hereby remise, release and forever discharge each other from any and all obligations, suits, debts, claims and demands and obligations whatsoever, both in law and in equity, which either of them ever had, now has, or may hereafter have against the other upon or by reason of any matter, cause or things up to the date of the execution of this instrument.

There existed only one reference to temporary child support in the stipulation and decree. That provision allowed as a credit on the first month of child support under the decree any payment of temporary child support made in that month, but did not state that accrued past payments owed would survive the release in paragraph 18.

The stipulation, when incorporated into the dissolution decree, became the court's language. *See In re Marriage of Lawson*, 409 N.W.2d 181, 182 (Iowa 1987); *Prochelo*

**628**

*v. Prochelo,* 346 N.W.2d 527, 530 (Iowa 1984). Specifically, we stated in *Lawson:*

> Although a stipulation of settlement in a dissolution proceeding is a contract between the parties, it becomes a final contract when it is accepted and approved by the court. When the stipulation is merged in the dissolution decree it is interpreted and enforced as a final judgment of the court, not as a separate contract between the parties.

409 N.W.2d at 182 (citations and quotation marks omitted). Thus, when interpreting language incorporated into the decree, we look not to the court's conclusions about the intent of the parties when entering the stipulation, *Prochelo,* 346 N.W.2d at 530, but to the document as it expresses the intent of the court.

As we have stated, "a dissolution decree should be construed in accordance with its evident intention. Indeed the determinative factor is the intention of the court as gathered from all parts of the decree." *In re Roberts' Estate,* 257 Iowa 1, 6, 131 N.W.2d 458, 461 (1964). "Of course, in determining this intent, we take the decree by its four corners and try to ascertain from it the intent as disclosed by the various provisions of the decree." *Id.* See also *Serrano v. Hendricks,* 400 N.W.2d 77, 79 (Iowa App.1986).

The language of the decree, which incorporated the stipulation, clearly states that Tom and Eileen intended to release each other from all debts and obligations owed prior to the dissolution decree. The accrued temporary child support amount in excess of $3000 owed by Tom to Eileen was such a prior debt and there was no provision in the decree excepting past child support obligations from its terms.

Thus, we hold that when the trial court entered the August 10, 1979, dissolution decree, it intended to, and did, approve Eileen's release of Tom from the temporary child support accrued up to that date. Trial court erred in ruling that Tom remained liable for the temporary child support amount after entry of the dissolution decree.

IV. *Disposition.* We have reviewed all of the parties' contentions. We conclude the trial court committed no error with respect to the dismissal issue; however, we reverse the court's ruling on the effect of the release provision on Tom's accrued temporary child support obligation to Eileen. Therefore, we affirm in part and reverse in part.

Costs on appeal are taxed one-half to petitioner and one-half to respondent.

AFFIRMED IN PART AND REVERSED IN PART.