**STATE of Iowa, Appellant,**

v.

**Paula SKEEL, Appellee.**

**No. 91–1011.**

Supreme Court of Iowa.

June 17, 1992.

Rehearing Denied July 29, 1992.

Bonnie J. Campbell, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., Denver D. Dillard, County Atty., and Lance J. Heeren, Asst. County Atty., for appellant.

Paula Skeel, pro se.

Considered by SCHULTZ, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

Acting in its appellate capacity, the district court overturned an associate district court conviction of the defendant for violation of our mandatory private school reporting requirements. Because we think there was substantial evidence to support the conviction, we reverse and remand with directions to reinstate it.

Paula Skeel placed her three school-age children under private instruction. She did not file a report with her local school district regarding this activity as required by statute. *See* Iowa Code § 299.4 (1989) (compulsory education reporting statute requiring parental reports to State when children are placed in private institution, an outline of the course of study, texts used, and the name and address of the instructor).

The State subsequently charged Skeel with violating section 299.4. Such a violation constitutes a simple misdemeanor. For such a violation, the court may not impose a jail sentence nor a fine. Instead, the court may only order the defendant to perform not more than forty hours of unpaid community service. *See* Iowa Code § 299.6.

The only hearing on the matter was a bench trial, following which the associate district judge found Skeel guilty. Skeel appealed, and the district judge reversed her conviction for lack of substantial evidence in the record.

We then granted the State's application for discretionary review of the district judge's judgment. *See generally* Iowa Code § 814.5(2)(d) (1991). We note that Skeel is representing herself in this appeal.

I. Under Iowa Rule of Criminal Procedure 54(3), a district court's appellate review in simple misdemeanor cases is controlled by the substantial evidence standard. If the findings of fact in the original action are supported by substantial evidence, the district court is bound by them on appeal. In this regard, rule 54(3) pertinently provides:

> If the court, on its own motion or motion of a party, finds the record to be inadequate, it may order the presentation of further evidence. If the original action was tried by a district judge, the appeal shall be decided by a different district judge. If the original action was tried by a district associate judge, the appeal shall be decided by a district judge or a different district associate judge.... *Findings of fact in the original action shall be binding on the judge deciding the appeal if they are supported by substantial evidence.*

(Emphasis added.) In contrast, under a prior version of rule 54, a case was heard de novo on appeal to a district court judge. *See City of Webster City v. Draheim,* 292 N.W.2d 406, 409 (Iowa 1980).

II. Our review of the record convinces us that there was substantial evidence to support the associate district judge's finding of guilt. At trial, the associate district judge heard the testimony of the school district's attendance officer, who was responsible for monitoring compliance with section 299.4. She testified extensively about two failed attempts by the school

district to bring Skeel into compliance. There was no testimony to rebut this evidence. On appeal, the district court took no additional evidence on the matter.

 III. Skeel raises here a selective prosecution claim. We find no evidence to support such a claim. Skeel relies on testimony she solicited from the State's enforcement officer on cross-examination. This testimony, however, was not relevant because it related to truancy, rather than to the reporting requirements under section 299.4. Additionally, we note that prosecutors are allowed wide latitude in prosecuting criminal cases so long as their decisions are not discriminatory in effect nor motivated by discriminatory purpose. *Wayte v. United States*, 470 U.S. 598, 610, 105 S.Ct. 1524, 1532, 84 L.Ed.2d 547, 557–58 (1985). We see neither here.

IV. In sum, we conclude that substantial evidence supported Skeel's conviction under section 299.4. The district court was bound by the associate district judge's findings in this regard. In addition, we conclude there was no substantial evidence to support Skeel's claim of selective prosecution. We reverse the judgment of the district court and remand with directions to reinstate Skeel's conviction.

REVERSED AND REMANDED WITH DIRECTIONS.