**In re the MARRIAGE OF Loretta Mae SPRINGER and Kenneth Lee Springer**

**Upon the Petition of**

**Loretta Mae Springer, Petitioner–Appellee,**

**And Concerning**

**Kenneth Lee Springer, Respondent–Appellant.**

**No. 94–310.**

Court of Appeals of Iowa.

Oct. 23, 1995.

Bob Siddens of the Siddens Law Office, Des Moines, for appellant.

Ted Harrison Engel, Des Moines, for appellee.

Considered by HAYDEN, P.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

Loretta and Kenneth Springer were divorced on July 27, 1989. The parties have one minor child, Kane, born on November 10, 1972. They have two adult children, Lisa, who was then twenty-one years old, and Lynette, who was then almost twenty years old. The two older children were attending college at the time of the dissolution.

The district court granted the parties joint legal custody of Kane, with Loretta having primary physical care. Kenneth was ordered to pay child support of $85 per week, which is $368.33 per month, until Kane reached the age of eighteen or graduated from high school, whichever occurred last. Kenneth was ordered to pay one-third of the college educational expenses of Lisa and Lynette.

The court determined that even though Lisa was to turn twenty-two years old on October 9, 1989, Kenneth should assist with her college expenses through the 1989–90 school year. Kenneth's obligation for his share of Lynette's college expenses was to terminate when she reached age twenty-two. The decree further provided:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Petitioner shall carry medical insurance through her employer for the benefit of the minor children so long as she is able to secure said insurance through her employer and the Respondent is to carry medical insurance for the benefit of the minor children through his employer and each is responsible to pay one-half of any medical, dental, optometric or counseling expenses not covered by any form of insurance.

Kenneth was injured in February 1990, and was unable to return to his work as a truck driver. After a period of recuperation from his injuries, he decided to become a full-time student at DMACC in the area of business administration. Kane came to live with Kenneth in August 1990.

Kenneth filed an application for modification on August 22, 1990. He sought to be granted primary physical care of Kane and to have his child support obligation terminated. He asked that Loretta be ordered to pay child support. He also asked the court to eliminate or reduce his responsibility for Lynette's college expenses. In response, Loretta filed an application for order to show cause, claiming Kenneth was in contempt of court for failure to pay child support, educational expenses, and uninsured medical expenses.

A hearing on these matters was held on October 10, 1990. In an order entitled "ORDER ON TEMPORARY MATTERS" the court granted Kenneth temporary physical care of Kane. The court terminated Kenneth's support obligations for Kane and Lynette effective August 1, 1990. The court ordered that from August 1, 1990, Loretta should be responsible for two-thirds of Lynette's college expenses. Loretta was not ordered to pay any child support for Kane. A

corrected order was entered on October 29, 1990, which did not substantively change any provisions of the earlier order.

Kane lived with Kenneth until December 1990, when he moved back to Loretta's residence. Kane lived with Loretta until he graduated from high school in May 1991.

In January 1991, Loretta filed an application to set aside the temporary order. No further action was taken on Kenneth's application for modification or Loretta's application to set aside the temporary order. On February 10, 1992, the district court, on its own motion, dismissed the case without prejudice for lack of prosecution.

In January 1992, Kenneth received a settlement of $37,000 in his workers' compensation case arising from his injuries in 1990. Loretta filed an application for order to show cause on March 2, 1992. She asked that Kenneth be found in contempt of court for failure to pay child support, educational expenses, and uninsured medical expenses as required by the dissolution decree.

The district court entered an order on November 30, 1992. The court determined Kenneth was not in contempt. The court did order him to abide by the terms of the dissolution decree. In its order, the court found the application for modification had been dismissed on February 7, *1991* [1]. The court determined Kenneth should pay child support for Kane from March 3, 1990, until August 1990, which was twenty-one weeks at $85 per week, or $1785. In addition, the court ordered Kenneth to pay child support for Kane from February 7, 1991, until the date Kane graduated from high school. The court ordered the parties to determine the amount of child support due for this period.

The court ordered Kenneth to pay one-third of Lynette's college expenses to August 1, 1990, and from February 7, 1991, until her twenty-second birthday on August 5, 1991. The parties were ordered to determine this amount.

Kenneth was ordered to pay one-half of the uninsured medical expenses as follows: (1) for Lisa which accrued before October 22, 1989; (2) for Lynette which accrued before

August 5, 1991 or the date she graduated from college, whichever occurred first; and (3) for Kane which accrued before November 10, 1990, or the date he graduated from high school, whichever occurred last. The parties were again ordered to determine this amount.

The parties did not determine the amounts as ordered on their own accord. A hearing to determine the specific amounts was held in December 1993. The court determined Kenneth should pay $3230 for past due child support for Kane. Kenneth was ordered to pay uninsured medical expenses of $715.20. In addition, he was ordered to pay $428.21 for Lisa's college expenses and $2105.48 for Lynette's college expenses. Kenneth was ordered to pay a total amount of $6478.89. He was also ordered to pay $260 for Loretta's attorney fees. Kenneth appealed the district court's decision.

■ I. Our review of this equitable action is de novo. Iowa R.App.P. 4. Kenneth has appealed the district court's interpretation of the dissolution decree, not the contempt determination. We are not bound by the district court's findings of fact, but we do give them deference because the district court had an opportunity to view, firsthand, the demeanor of the witnesses when testifying. *In re Marriage of Brown,* 487 N.W.2d 331, 332 (Iowa 1992).

■ II. Kenneth claims the district court did not give proper effect to the temporary order of October 29, 1990. He points out that temporary orders are considered final orders for purposes of appeal, and thus, because Loretta did not appeal, the order stands as a final order on the subject matter addressed in the order.

■ We recognize that temporary orders entered pursuant to Iowa Code section 598.11 are final judgments and are appealable as a matter of right. *In re Marriage of Campbell,* 451 N.W.2d 192, 195 (Iowa App. 1989). The failure to take a timely appeal from temporary orders results in a waiver of the right to review. *Id.* Because neither party appealed the temporary order of Octo-

---

1. The application for modification was actually dismissed on February 10, *1992.*

ber 29, 1990, its provisions may not now be reviewed.

■ The district court understood this and did not require Kenneth to pay support for the time period the temporary order was in effect. In pertinent part, section 598.14 provides:

After notice and hearing subsequent changes in temporary orders may be made by the court on application of either party demonstrating a substantial change in the circumstances occurring subsequent to the issuance of such order. If the order is not so modified it shall continue in force and effect until the action is dismissed or a decree is entered dissolving the marriage.

■ Here, the terms of the temporary order remained in effect until the action was dismissed. No new obligation will accrue under a temporary order after dismissal of a case. *In re Marriage of Sylvester,* 412 N.W.2d 624, 626 (Iowa 1987) (citing *Bork v. Richardson,* 289 N.W.2d 622, 624 (Iowa 1980)). However, the section does not proscribe the collection of amounts already accrued. *Id.*

■ Under the terms of the temporary order, Kenneth is responsible for child support and educational expenses which accrued prior to August 1, 1990. We agree with that part of the trial court's ruling that determined Kenneth must pay $1785 for child support for Kane which accrued during this period. In addition, Kenneth has not paid $438.21 of Lisa's college expenses for the 1989–90 school year.

■ In examining Lynette's college expenses which accrued prior to August 1, 1990, we have made a reduction for her sorority dues and telephone bills. We believe a child's college expenses should be limited to tuition, room, board, and books. *See In re Marriage of Hess,* 522 N.W.2d 861, 864 (Iowa App.1994). We find Kenneth is responsible to pay $1170.05 of Lynette's college expenses for this time period.

■ **III.** As noted above, the temporary order remained in effect until the case was dismissed. Kenneth contends he did not receive notice or have an opportunity to be heard concerning the dismissal. He believes the dismissal was improper and the temporary order remained in force at the time of the contempt hearing. We question whether Kenneth has preserved this issue for our review. That issue was not addressed by the district court. However, because of the results reached in this opinion, we find we need not address this issue.

Kane turned eighteen on November 10, 1990, and graduated from high school in May 1991. The district court found Kenneth had no responsibility to pay child support or medical support for Kane after the later of these dates, May 1991. The dissolution decree did not require Kenneth to contribute to Kane's post-high school educational expenses. The trial court ordered child support for Kane for the period from January 1, 1991 to May 31, 1991 in the contempt action. But during this period of time, the temporary order was yet in effect and under that order Kenneth's obligation to pay child support had terminated. The trial court made it clear that it reached its decision based upon the dissolution decree and the temporary order.[2]

Under the decree, Kenneth was ordered to assist Lynette with her educational expenses until her twenty-second birthday. Lynette turned twenty-two on August 5, 1991. Also, any support for Lisa terminated at the end of the 1989–90 school year.

■ For the reasons aforesaid, we conclude that whether or not the temporary order remained in effect at the time of the contempt hearing, Kenneth had no additional support obligations which accrued after February 10, 1992. As an aside, we have previously ruled that notice to a spouse of contempt proceedings does not confer personal jurisdiction over that spouse for purposes of modifying the dissolution decree. *In re Marriage of Garretson,* 487 N.W.2d 366, 369 (Iowa App.1992). We believe the trial court recognized this statement of law when it carefully crafted its decision by relying, not on modification, but on the dissolution decree

---

2. We believe the trial court may have been misled when it found in its first order of November 30, 1992, that the dismissal of the temporary order took effect on February 7, 1991.

and the temporary order. Our supreme court has stated that a trial court overreaches if it converts a contempt citation into a modification proceeding. *Gilliam v. Gilliam,* 258 N.W.2d 155, 156 (Iowa 1977) (cited in *Hammond v. Reed,* 508 N.W.2d 110, 113 (Iowa App.1993)). In addition, under Iowa Code section 598.21(8), a judgment for child support may be retroactively modified only from the date the notice of the pending petition is served on the opposing party. *See In re Marriage of Eilers,* 526 N.W.2d 566, 569 (Iowa App.1994).

**IV.** The district court determined Kenneth was responsible to pay medical expenses of $715.20 as his one-half share of the uninsured medical expenses for the three children. Kenneth claims the dissolution decree required him to pay for the medical expenses of the "minor children" and this only included Kane. He asserts he should not be responsible to pay for any of the medical expenses of Lisa or Lynette.

In interpreting a decree, the determinative factor is the intention of the court as gathered from all parts of the decree. *Sylvester,* 412 N.W.2d at 628. In determining this intent, we take the decree by its four corners and try to ascertain from it the intent as disclosed by the various provisions of the decree. *Id.*

We note that even though Lisa and Lynette were legally adults at the time the dissolution decree was entered, the decree referred to them as minor children in another provision. This provision provides:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the college education expenses for the children, Lynette and Lisa, shall be shared ⅓ by the minor children, ⅓ by the Petitioner and ⅓ by the Respondent and that the minor children shall apply for any scholarships, grants or other monies that may be available to assist them in their college education and that money shall be deducted off of the total cost of the college education expenses and the balance shall be paid ⅓ by each of the respective parties including the minor children.

Although generally the term "minor children" would refer to children under the age of eighteen, we find the district court used the term in the dissolution decree to specifically refer to Lisa and Lynette. In the present case, we find the court's intent was to make the parties each responsible for one-half of the children's uninsured medical expenses while they were otherwise being supported, either as minors or while they were attending college.

The temporary order of October 29, 1990, did not address the issue of medical expenses and, thus, Kenneth's responsibility for one-half of the uninsured medical expenses remained in effect after that order was filed. Our review of the medical bills showed certain duplications and we have eliminated these duplications. Also, Kenneth was being asked to pay one-half of Lisa's hypnotherapy sessions. Since no explanation was given as to why these hypnotherapy sessions would be medically necessary, we have eliminated this charge. Under our calculations, Kenneth must pay $504.93 as his one-half share of the uninsured medical expenses.

**V.** Kenneth raises another claim in which he alleges the double jeopardy doctrine applies to contempt proceedings because they are essentially criminal in nature. He believes that because the district court found he was not in contempt at the time of the May 13, 1992, hearing, Loretta may raise the exact same claims in another contempt action.

The supreme court has not specifically addressed whether the double jeopardy doctrine applies to contempt cases. *See State v. Lipcamon,* 483 N.W.2d 605, 608 (Iowa 1992); *Amro v. Iowa District Court,* 429 N.W.2d 135, 140 (Iowa 1988).

In any event, we find Kenneth's concerns are premature. He does not claim that he has been placed in double jeopardy, but fears he may be placed in double jeopardy at some point in the future. Therefore, we conclude we need not address this issue.

VI. In summary, we have found Kenneth is responsible for paying $1785 in child sup-

port which accrued prior to August 1, 1990. He must also pay $428.21 for Lisa's college expenses and $1170.05 for Lynette's college expenses. Additionally, we have determined he must pay $504.93 as his one-half share of uninsured medical expenses for the children. In total, Kenneth is responsible to pay $3888.19. We modify the district court's order to reduce Loretta's judgment against Kenneth to the amount of $3888.19. Costs of this appeal are assessed one-half to each party.

**AFFIRMED AS MODIFIED.**