**In re the MARRIAGE OF Patricia Ann RUSSELL and John Edmund Russell.**

**Upon the Petition of**

**Patricia Ann Russell, Appellant,**

**And Concerning**

**John Edmund Russell, Appellee.**

**No. 96–365.**

Court of Appeals of Iowa.

Dec. 20, 1996.

Dan T. McGrevey, Fort Dodge, for appellant.

Mark R. Crimmins and Mark D. Holstrom of Bennett, Crimmins & Yung, Fort Dodge, for appellee.

Considered by SACKETT, C.J., and CADY and HUITINK, JJ.

CADY, Judge.

This appeal presents the single issue whether a parent is obligated under a dissolution decree to continue to provide medical support after the children reach their majority when the decree does not specify the duration of the obligation but merely requires the parent to maintain medical support "on the minor children." The parent is obligated under the same decree to continue to pay child support after the children reach their majority as set forth in Iowa Code section 598.1(2) (1985). We conclude the district court improperly interpreted the decree to limit the medical support obligation to the minority years of the children. Accordingly, we reverse the district court order and remand the case for further proceedings.

Patricia and John Russell amicably dissolved their marriage in 1985. They had four children. At the time of the dissolution, the oldest child was 18 years old and the youngest child, Joan, was 8 years of age. A stipulated decree described the rights and obligations of the parties in twelve numbered paragraphs. Under paragraph three, Patricia was awarded custody of "the four minor children" with reasonable visitation to John. Under paragraph four John was obligated to pay a specific sum of monthly child support "so long as the children qualify under the provisions of section 598.1, the Code, 1985." Under paragraph five, John was obligated to

maintain medical insurance on the "minor children" and pay one-half of any non-covered expenses.

Joan graduated from high school in May 1994, and turned 18 years old on July 8, 1994. She subsequently enrolled in a community college and began college as a full time student in the fall of 1994. She plans to continue her college education following graduation from community college. She aspires to be a commercial airplane pilot.

John threatened to terminate the medical insurance for Joan after she turned eighteen years old, and later discontinued coverage while she was attending college. John claimed his obligation to provide insurance stopped when Joan turned eighteen years old pursuant to the language of the stipulated decree requiring him merely to "maintain medical insurance on the minor children." The parties presented no evidence whether the older children attended college or whether John continued insurance coverage on the older children after they graduated from high school or turned eighteen years old.

Patricia filed a petition for declaratory relief asking the district court to interpret its decree. The district court found the language of the stipulated decree unambiguously limited John's medical support obligation to the period of time the children were under the age of eighteen. The district court found the phrase "minor children" normally referred to children under the age of eighteen, and there was no specific language in the decree extending the obligation for medical support used to extend the obligation for child support. Consequently, it concluded the absence of a specific extension of medical support meant the obligation terminated after the children reached their majority age.

## Scope of Review

Our scope of review in this equity action is de novo. Iowa R..App.P. 4. We give weight to the findings of the trial court, but are not bound by them. Iowa R.App.P. 14(f)(7).

## Interpretation of Decree

■ A decree for dissolution of marriage is susceptible to interpretation in the same manner as other instruments. *Sieren v. Bauman,* 436 N.W.2d 43, 46 (Iowa 1989). The determinative factor is the intent of the court as disclosed by the language of the

decree as well as its content. *Id.* Every word should have force and effect, and be given a consistent, effective and reasonable meaning. *In re Marriage of Lawson,* 409 N.W.2d 181, 182–83 (Iowa 1987).

The primary issue we confront is whether the words "minor children" are words of identification or words of limitation in the context they were used in the stipulated decree. In a broad sense, the district court correctly observed the words "minor children" refer to children under the age of eighteen. *See In re Marriage of Springer,* 538 N.W.2d 897, 902 (Iowa App.1995). In the context of a dissolution of marriage, however, the words are often used descriptively. *Pierce v. Pierce,* 758 P.2d 252, 253–54 (Kan. App.1988); *Tippit v. Lahr,* 132 Ariz. 406, 646 P.2d 291, 292–93 (App.1982). They intend only to describe or identify the children by reference to their ages at the time of the dissolution, not to grant benefits only during their minority. *Id.*

In this case, we observe paragraph three of the stipulated decree granted custody of the "four minor children" to Patricia. The oldest child, however, was eighteen years old at the time. Thus, the phrase "minor children" was clearly used in this paragraph as a means of identifying all the children. When confronted with a similar situation in *Springer,* we held the noncustodial parent was obligated to pay the medical expenses of his college age children even though the decree merely required him to pay for the medical expenses of the "minor children", since the court had used the phrase "minor children" in another provision of the decree to refer to the college age children. *Springer,* 538 N.W.2d at 902.

We conclude the phrase "minor children" was intended in this case only as a method to identify the children of the marriage, not as a means of limitation. Therefore, we must further decide if a limitation arises due to the absence of specific language in the decree extending the medical support obligation beyond the minority years.

The trial court refused to imply an extension of the medical support obligation compatible with the child support obligation without specific language. It concluded the absence of specific language revealed an in-

tent not to extend the obligation. We recognize courts should be slow to find implied terms. *See Pathology Consultants v. Gratton,* 343 N.W.2d 428, 434 (Iowa 1984). However, we also recognize documents do not always specifically express all terms and obligations. Thus, obligations may arise by implication when based on the language in the document or when they are indispensable to effect the intention of the parties. *Id.*

It is both consistent and reasonable to interpret the decree to extend the medical support obligation to conform to the extension of the child support obligation, in the absence of specific words of limitation or extension. *See Springer,* 538 N.W.2d at 902. The purpose for extending child support for college age children is the same for extending medical support for college age children. The extended obligation of support recognizes the changing concepts of adulthood, and the inability of college students to typically become self-supporting. *See In re Marriage of Briggs,* 225 N.W.2d 911, 914 (Iowa 1975). Unless there was specific language otherwise, it would be inconsistent to extend support payments for college and limit medical expenses to high school. We conclude the expressed extension of child support in the decree implied a similar extension of medical support.

We reverse the decision of the district court and remand the case to the district court to determine the amount of John's obligation and for further equitable relief sought by Patricia. We do not retain jurisdiction. We deny the parties request for appellate attorney fees. Costs are taxed to John.

**REVERSED AND REMANDED.**

HUITINK, J., concurs.

SACKETT, C.J., dissents.

HABHAB, J., not participating.

SACKETT, Chief Judge (dissenting).

I dissent. I would affirm the trial court.