# IN THE COURT OF APPEALS OF IOWA

No. 20-0735
Filed December 16, 2020

IN RE THE MARRIAGE OF DEREK M. PENDERGAST
AND SARAH A. PENDERGAST

Upon the Petition of
**DEREK M. PENDERGAST,**
    Petitioner-Appellee,

**And Concerning**
**SARAH A. PENDERGAST,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Chad A. Kepros, Judge.

Sarah Pendergast challenges the denial of her application for declaratory judgment. **AFFIRMED.**

Alexander S. Momany and Mark D. Fisher of Howes Law Firm, P.C., Cedar Rapids, for appellant.

Richard F. Mitvalsky of Gray, Stefani, & Mitvalsky, P.L.C., Cedar Rapids, for appellee.

Considered by Bower, C.J., and May and Ahlers, JJ.

**BOWER, Chief Judge.**

Sarah Pendergast appeals the district court order denying her application for declaratory judgment. Sarah claims the court erred in failing to void the visitation provisions of a stipulated modified decree from the dissolution of her marriage to Derek Pendergast. A declaratory judgment is not the proper avenue for the relief sought, and we affirm.

**I. Background Facts & Proceedings**

On August 19, 2014, a stipulation of settlement and decree of dissolution ended the marriage between Derek and Sarah Pendergast. The decree provided for joint legal custody and shared physical care of the couple's minor children.

The parties stipulated to decree modifications in May 2016 and December 2017 which were approved and ordered by the court. The 2016 modification amended the joint custody provision, granted Derek physical care of the children, and created a phased visitation framework for Sarah's time with the children. The 2017 modification amended the phased visitation framework and provided Derek with wide discretion to change Sarah's visitation.

In September 2019, Sarah filed an application for declaratory judgment challenging the 2017 phased visitation, stating the order did not define or provide guidance for several terms. Sarah specifically challenges language in the following paragraph:

> The foregoing schedule shall be known as "Modified Phase One Visitation." In the paragraphs that follow, parties now establish and describe additional Modified Phases Two, Three and Four. At a minimum, Sarah shall enjoy visitation with [the minor children] under Modified Phase One of this visitation schedule. Derek will have the discretion to grant Sarah additional time with the children beyond what is defined as Modified Phase One. Should there be reasonable

safety concerns or incidents that raise questions about the children's care, returning to Modified Phase One, Two or Three will be at Derek's discretion. In the absence of these concerns, visitation may advance under Modified Phase Two through Four. Modified Phase One, Two, and Three will last one month before advancing to the next phase unless there is reasonable cause to extend the timeframe.

Sarah requested the court enter an order declaring the 2017 stipulation void and unenforceable, claiming the terms "reasonable safety concerns or incidents that raise questions about the children's care" and "reasonable cause to extend the timeframe" are vague or ambiguous and impermissibly grant Derek judicial authority. Alternatively, Sarah asked the court to specifically define the terms of visitation.

The district court determined the modified decree "does not provide [Derek] unilateral and sole discretion over visitation." The court concluded the stipulation and the decree as a whole provided objective standards for the allegedly vague terms. The court stated, "[A] modification would be the only proper route to change the terms of visitation as proposed by [Sarah], regardless of whether the application was granted or denied." The court denied Sarah's application for declaratory judgment.

On appeal, Sarah asks us to either find the visitation provisions of the modified decree are void and reinstate the 2016 modification, or reverse and remand for the district court to create "clear objective standards" for advancement among the visitation phases.

**II. Standard of Review**

"Our review of an appeal from a declaratory judgment action is determined by how the case was tried in district court." *Clarke Cnty. Reservoir Comm'n v.*

*Robins*, 862 N.W.2d 166, 171 (Iowa 2015). We review de novo a declaratory action tried as an equitable proceeding. *Davidson v. Van Lengen*, 266 N.W.2d 436, 438 (Iowa 1978).

### III. Analysis

A declaratory judgment action may be brought to determine the construction or validity of a contract or instrument. Iowa R. Civ. P. 1.1102. A decree for dissolution of marriage is susceptible to interpretation in the same manner as other instruments. *In re Marriage of Russell*, 559 N.W.2d 636, 637 (Iowa Ct. App.1996). A stipulation that is merged in the dissolution decree is "interpreted and enforced as a final judgment of the court, not as a separate contract between the parties." *In re Marriage of Lawson*, 409 N.W.2d 181, 182 (Iowa 1987) (citation omitted). "The determinative factor is the intent of the court as disclosed by the language of the decree as well as its content." *Russell*, 559 N.W.2d at 637

Sarah did not bring a direct appeal from the 2017 stipulated amended decree or request an interpretation of the terms when they might have still been uncertain. Instead, twenty-two months after the judgment was final, Sarah challenged the terms she stipulated to as vague and sought to effectively eliminate the phased visitation framework, challenging the final judgment she had accepted in 2017.

The proper time to seek an interpretation of the terms or to challenge their validity would have been when the amended decree was entered or on direct appeal. *See Gail v. W. Convenience Stores*, 434 N.W.2d 862, 863 (Iowa 1989) ("The doctrine of res judicata provides that a final judgment on the merits of an action precludes the parties from litigating issues which were or could have been

raised in that action. . . . A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review.").

Additionally, Sarah's requested relief would either partially void the amended decree or result in a modification changing the visitation framework. The district court observed,

> It appears to the court that [Sarah] is looking to only keep the visitation schedule that applies favorably to her and void the parts of the visitation schedule which are not favorable, which is inappropriate in any instance. If [Sarah] is seeking a modification of the visitation schedule and believes there are material and substantial changes in circumstances, [she] may file for a modification. In fact, the court believes that a modification would be the only proper route to change the terms of visitation as proposed by [Sarah], regardless of whether the application was granted or denied.

We agree with the district court that an application for declaratory judgment is not the proper avenue for the relief Sarah seeks. A district court cannot convert a declaratory judgment action into a modification proceeding; a petition to modify the decree under Iowa Code chapter 598 (2019) is required. *See Vrban v. Levin*, 392 N.W.2d 850, 852 (Iowa Ct. App. 1986) (holding a declaratory judgment modifying child support exceeded the court's jurisdiction). If visitation had been withheld in a manner not consistent with the decree, she could have filed a contempt action to enforce the decree. A petition for modification showing materially changed circumstances is the proper way to change or remove the conditions of phased visitation.

We affirm the denial of the application for declaratory judgment.

**AFFIRMED.**