WESTERN DIST.
*October*, 1839.

RICHARDSON *vs..* LEDBETTER.

RICHARDSON
*vs.*
LEDBETTER.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF CARROLL.

No appeal lies from a judgment overruling an exception to the jurisdiction
of the court.

This was a suit in which the plaintiff claimed the sum of one thousand dollars from the defendant, as administratrix of her deceased husband's estate.

The defendant excepted, and declined the jurisdiction of the Probate Court, because there was no executor, administrator or curator appointed to said estate ; and that she was only in possession and administered the same as widow, in community and tutrix of the children ; that it was sought to render her personally liable, the debt being against her in her individual capacity, and not as a debt of the succession : she therefore declines the jurisdiction, and avers that the case belongs to another tribunal, to wit, the District Court, and prays that the suit be dismissed.

There was judgment overruling this exception ; and final judgment on the merits was entered up against the defendant for the amount of the plaintiff's claim.

The defendant appealed from the judgment overruling her exception, only.

*Dunlap* and *Copley*, for plaintiff, moved to dismiss the appeal, on the ground that the judgment appealed from is not such a final judgment as works an irreparable injury, and from which an appeal will lie.

*Stacy*, contra ; admitted no appeal would lie from the interlocutory judgment ; but he insisted that the appeal embraced the final judgment as well as the other, which should be reversed.

*Strawbridge, J.*, delivered the opinion of the court.

This appeal is taken from a judgment of the Probate Court of the parish of Carroll, overruling a plea to its jurisdiction.

It has been settled by the decisions of this court, that an
appeal from such a judgment is not admissible, as it produces no such injury as may not be remedied on an appeal from
the final judgment.

The best service, therefore, we can render the defendant is, to dismiss the present appeal in time to permit her to appeal from the final judgment, which it appears by the record has been already rendered, which is accordingly ordered at her cost.