In re The MARRIAGE OF Susan A. CAMPBELL and Thomas Campbell.

Upon the Petition of Susan A. Campbell, Appellee,

And Concerning Thomas Campbell, Appellant.

No. 88–1350.

Court of Appeals of Iowa.

Nov. 27, 1989.

James W. Redmond of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, for respondent-appellant/cross-appellee.

Alice S. Horneber of Margolin, Gildemeister, Willia, Mugan & Keane, Sioux City, for petitioner-appellee/cross-appellant.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

DONIELSON, Presiding Judge.

The parties, Susan and Thomas Campbell, were married on June 10, 1986. It was the second marriage for each. They have one child, a daughter born on January 1, 1987. The dissolution decree placed the child in joint legal custody and in Susan's physical care; these custody provisions are not challenged in this appeal.

The parties separated in March 1988. On April 12, 1988, the trial court awarded Sue temporary child support and attorney fees. At that time, the trial court reserved jurisdiction on the issue of temporary alimony. Following a second hearing, the court entered an order for temporary spousal support on May 13, 1988.

Thomas, 36 years old at trial time, is an insurance salesman and is district manager for an insurance company. His gross income is $116,000 per year; his net disposable income after taxes is in the range of $55,000 to $60,000 per year. Susan is an elementary school teacher with a gross income of $33,000 per year.

The dissolution decree directed Thomas to pay Susan child support of $1200 per month. The decree awarded Thomas the parties' house, which he had owned before the marriage. The court found the increase in the home equity during the brief marriage had been $5552.48, and the court awarded Susan half this amount or $2776.24. The court also awarded Susan the additional sum of $3353.11, computed to be half of the gain on certain joint

investments bought and sold during the marriage. Except for these two provisions, the court basically awarded each party the assets he or she had brought into the brief marriage. The decree also directed Thomas to contribute $2500 toward Susan's attorney's fees.

Thomas has appealed from the dissolution decree, and Susan has cross-appealed. Thomas contends the child support award is excessive. He also challenges the awards to Susan of permanent attorney's fees, temporary attorney's fees, and temporary spousal support. In addition, he challenges those parts of the division of property allowing Susan to share in the increase in home equity and in the gain on certain investments.

In her cross-appeal, Susan contends she should have been awarded more property, including possession of the family home. She also requests attorney's fees and costs on appeal. In addition, she argues Thomas cannot now challenge the awards of temporary spousal support and temporary attorney's fees, because he did not file a timely notice of appeal from these temporary orders.

■ I. *Child Support.* Thomas contends the trial court erred in ordering him to pay $1,200 a month in child support. Our scope of review in equitable proceedings is de novo. Iowa R.App. P. 4. It is well established parents have a legal obligation to support their children. *In re Marriage of Fleener,* 247 N.W.2d 219, 221 (Iowa 1976). The obligation to support should be apportioned according to the ability of each parent to contribute. *In re Marriage of Bornstein,* 359 N.W.2d 500, 504 (Iowa App.1984). The factors to consider are: the financial resources of the child; the financial resources of both parents; the standard of living the child would have enjoyed had there not been a dissolution; the cost of day care; the physical and emotional health needs of the child; and

the child's educational needs. Iowa Code § 598.21(4).

Much of Thomas's argument is improperly focused on the circumstances and nature of his brief marriage to Sue. Thomas contends the expenses which will be incurred for raising his daughter "will be the same as for any child in the Sioux City area," and child support in the amount of $400 per month would be appropriate and would provide "nicely" for his daughter. Thomas also argues it is inconceivable his infant child could have become accustomed to the higher standard of living he was able to provide during the marriage.

■ The appropriate factors to be considered when determining child support are set forth in section 598.21(4). We do not look to any "local average" of child-rearing expenses to determine what level of child support is appropriate. We look to the needs of a child and the financial resources of both parents. Iowa Code § 598.21(4)(b), (f). Contrary to Thomas's assertion, we look to the standard of living a child *would have enjoyed* had there not been a dissolution, Iowa Code § 598.21(4)(c), not whether the child was accustomed to a higher standard of living.

■ The record in this case reveals each party receives a sufficient level of income to enable both to contribute significantly to their daughter's support. In light of Sue's ability to provide for her daughter, we find the child support award of $1,200 per month was excessive and is inequitable in this case. However, Thomas's suggestion that support be set at $400 per month is also inequitable and would deny his daughter many of the privileges and advantages she would have had but for the dissolution. Upon our review of this matter, we find a child support award of $750 per month is equitable and is warranted in this case.[1]

■ Susan contends the child support provisions of the decree should be changed in three ways: 1) the decree should provide

---

1. We note a child support award of $750 per month is also consistent with the temporary child support guidelines set forth by our supreme court. These guidelines were temporarily adopted as permanent child support guidelines effective October 12, 1989. The prohibition against using the temporary support guidelines as standards in fixing permanent child support was suspended pursuant to a supreme court order filed on September 29, 1989.

for annual increases in child support; 2) Thomas should pay all medical and dental expenses not covered by insurance; and 3) Thomas should be required to name Susan as sole beneficiary (to act as trustee for their daughter) on his life insurance policies. The circumstances in this case do not warrant any of these changes. The financial status of each party and the support provisions of the decree make automatic increases unnecessary. Thomas is already required to provide insurance for his daughter; uninsured expenses are to be paid by Susan. This is a factor which is considered when a child support allocation is made. Finally, Thomas has agreed to maintain life insurance for the benefit of his daughter; it is not necessary to require Susan to be designated as a beneficiary/trustee.

II. *Temporary Attorney Fees and Alimony.* Thomas contends the trial court erred in awarding temporary attorney fees and spousal support to Susan. The orders allowing these awards were entered on April 12, 1988, and May 13, 1988, respectively. Thomas filed no notice of appeal until September 13, 1988.

Temporary orders entered pursuant to section 598.11 are "final judgments" and are appealable as a matter of right. *In re Marriage of Winegard,* 257 N.W.2d 609, 614 (Iowa 1977). The failure to take a timely appeal from temporary orders results in a waiver of the right to review. *In re Marriage of Prybil,* 230 N.W.2d 487, 488 (Iowa 1975). As Thomas did not seek review from the temporary attorney fees and spousal support orders, these matters are not now reviewable on appeal.

III. *Home Equity and Investment Funds.* Thomas challenges the trial court's order that he pay Susan one-half of the increase in the home equity which occurred during the marriage. He also resists the award to Sue of one-half of the gain which resulted from the sale of investment funds during the marriage.

Despite the fact that Thomas owned the home prior to the marriage, there was sufficient evidence from which the trial court could conclude Susan's maintenance and redecoration efforts contributed to an increase in the home's value. Each partner in the marriage is "entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of Havran,* 406 N.W.2d 450, 452 (Iowa App.1987). Despite Susan's assertion that the home increased in value by over $15,000, we find the evidence supports the trial court's finding that the actual increase in equity was $5,552.48. The trial court did not err in awarding Susan one-half of this amount.

Similarly, the trial court did not err in awarding Susan one-half of the gain which resulted from a sale of investment funds. Sufficient evidence supported the trial court's finding that these were joint investments.

IV. *Permanent Attorney Fees.* Thomas's final argument centers on the trial court's award of $2,500 in permanent attorney fees. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles,* 338 N.W.2d 544, 546 (Iowa App.1983). To overturn an award the complaining party must show that the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson,* 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig,* 318 N.W.2d 811, 817 (Iowa 1982).

Upon examination of each party's financial resources and ability to pay, this court cannot find the trial court abused its discretion in awarding Sue $2,500 in permanent attorney fees. The decision of the trial court is affirmed with regard to this issue.

V. *Family Home.* In her cross-appeal, Susan contends she and her daughter should be allowed to reside in the family home for three years. At that time, Sue contends she will be able to afford a comparable home. In making a property disposition, a court is to consider the desirability of awarding the right to live in a family home to the party having physical care of

the children. Iowa Code § 598.21(1)(g). However, the facts in this case do not warrant such an award. The marriage was brief and the parties' infant daughter lived in this home for only a year. This case does not involve a situation in which a child has developed neighborhood and school attachments. Awarding Susan and her daughter the right to continue residing in the family home is not justified in this matter.

VI. *Bank Account.* Susan contends the money in the Security National Bank account consisted of the parties' 1987 tax refund, and she argues it should have been divided equally between the parties. The trial court ordered that the money was to be divided in proportion to each party's 1987 income. In light of the brief duration of this marriage, each party's employment, and the other property awards made in this case, we cannot find the trial court's division of this bank account to be inequitable.

VII. *Pension Plan.* Susan argues she should have been awarded one-half of the total contributions made during the marriage to Thomas's pension and 401K plans. Iowa courts have consistently determined pensions and other retirement plans may be considered in framing the financial clauses of dissolution decrees. *In re Marriage of Jensen,* 396 N.W.2d 367, 369 (Iowa App.1986). In reviewing a division of marital assets, all economic aspects of a decree must be viewed as an integrated whole. *Id.* at 368. In light of the short duration of this marriage and the fact that each party had separate retirement plans established before the marriage, equity does not require that Sue be awarded an amount equal to one-half of the contributions made to Thomas's pension and 401K plans during their marriage. The evidence does not indicate either party's pension funds were depleted or diminished in any way during the marriage. The trial court did not err with regard to its handling of the parties' pensions.

VIII. *Attorney Fees and Costs.* Finally, Susan asks that Thomas be required to pay her attorney fees and the costs of this appeal. Having reviewed the circumstances of each party, we find each party should be required to pay his or her own attorney fees, and the costs of this appeal should be divided between them.

AFFIRMED AS MODIFIED.