KLIEBERT, Chief Judge.
This is a custody matter which was instituted by the paternal grandparents of a minor child born on September 16, 1987 to the son of the petitioners and the defendant, the latter two having never married. The child was placed by her mother in January of 1990 with her sister in Georgia who in turn placed the child in the hands of a couple, who are unknown to the petitioners, and who are not related to any of the parties.
The father of the child has acknowledged his unfitness to care for the child and has joined with his parents in their endeavor to have custody awarded to them. The mother likewise acknowledges that she is not in a position to care for the child but resists the efforts of the petitioners in seeking custody.
The matter was heard in the trial court on September 5, 1991. On that morning the defendant filed an exception to jurisdiction (based upon the child’s residence in Georgia) and the matter then went to trial, which included the testimony of petitioners, defendant, and three other persons, all residents of St. Charles Parish.
Following the hearing, by judgment dated September 12, 1991, the trial court 1) overruled the exception to jurisdiction 2) awarded the temporary custody of the child to petitioners pending further order of the court, 3) re-scheduled the matter for hearing regarding permanent custody on December 20, 1991, and 4) ordered a home study of petitioners’ residence by the Department of Social Services. The defendant has appealed.
We note ex proprio motu that the judgment of September 12, 1991 is neither a final judgment nor an interlocutory decree which causes irreparable injury from which an appeal will lie under C.C.P. Art. 2083. It has been held that no appeal lies from a judgment overruling an exception to jurisdiction. See Howard v. Cox, 7 Mart. (N.S.) 102 (1828); Richardson v. Ledbetter, 14 La. 156 (1839). It has also been held that *1174 no appeal lies from a judgment awarding temporary custody. See See Courtin v. Browne, 151 La. 741, 92 So. 320 (1922).
Accordingly, we dismiss the appeal at appellant’s cost.
DISMISSED