In re the MARRIAGE OF Carmen Michelle SWANSON and Gary Robert Swanson.

Upon the Petition of

Carmen Michelle Swanson, Petitioner–Appellant,

And Concerning

Gary Robert Swanson, Respondent–Appellee.

No. 98–0108.

Court of Appeals of Iowa.

Sept. 30, 1998.

Lori L. Klockau of Bray & Klockau, P.L.C., Iowa City, for appellant.

Sharon A. Mellon of Mellon & Spies, Iowa City, for appellee.

Heard by SACKETT, P.J., and HUITINK and MAHAN, JJ.

SACKETT, Presiding Judge.

Petitioner-appellant Carmen Swanson appeals the custodial and support provisions of a temporary order in a dissolution action. We affirm.

Carmen, thirty-two at the time of the hearing, and respondent-appellee Gary Swanson, thirty-eight at the time of the hearing, were married in 1989. Carmen had a child, Paige, who was six months old when they moved in together. Carmen and Gary then had Taylor in 1992 and Lydia in 1994.

Carmen filed a petition to dissolve the marriage in September of 1997. There was a hearing on temporary custody and support. The district court provided Carmen and Gary have joint physical care of the three children with their physical care alternated on a weekly basis during the pendency of the dissolution action. Carmen filed a rule 179(b) motion requesting the joint custody award be modified to eliminate Paige. She contended she should have sole custody of Paige and primary physical care of the other two children. This request was denied. Carmen was ordered to pay $553 a month to Gary in child support.

Carmen appealed from the order on temporary custody and support. She first contends the district court should not have determined the custody and physical care of Paige because Gary is not Paige's biological father and he never adopted her.

■ This is an appeal from a temporary order. Temporary orders are final judgments and are appealable as a matter of right. *In re Marriage of Springer*, 538 N.W.2d 897, 900 (Iowa App.1995); *In re Marriage of Campbell*, 451 N.W.2d 192, 195 (Iowa App.1989). We review de novo. Iowa R.App. P. 4. We give weight to the trial court's factual findings but are not bound by them. *See In re Marriage of Farrell*, 481 N.W.2d 528, 530 (Iowa App.1991).

The issue currently presented is the legality of the order for temporary child custody and support. Authority for the court's order must come from Iowa Code chapter 598.

Iowa Code section 598.11 (1997) provides, "The court may on its own motion and shall upon application of either party ... determine the temporary custody of any minor child whose welfare may be affected by the filing of the petition for dissolution." *Id.*

Gary contends the district court was correct, as section 598.11 allows the district court to determine the temporary custody of any child whose welfare may be affected by the filing of a dissolution petition.

The language of section 598.11 empowers the trial court to make temporary orders concerning the custody of any child whose welfare may be affected by the filing of a petition for dissolution. *See In re Marriage of Corbin*, 320 N.W.2d 539, 541 (Iowa 1982). Gary has served as a father figure to Paige. His involvement with her began at her birth. He treated her as his daughter during the marriage. Carmen's petition stated Paige was a child whose welfare was affected by the controversy.

■ Our de novo review convinces us Paige is a minor child whose welfare is affected by this dissolution action. Therefore, the district court was authorized to make temporary orders concerning her welfare. *See Whitlock v. Iowa Dist. Court for Fayette County*, 497 N.W.2d 891, 895 (Iowa 1993). The issue of the father/daughter or equitable parent relationship between Gary and Paige, if any, is best left to be decided in the dissolution hearing.

Carmen next contends she should have been awarded sole custody of Paige and the primary physical care of the other two children. Gary contends the trial court was correct in awarding joint physical care of all the children.

Carmen contends Gary has been verbally abusive. Gary contends he has not. Carmen contends she provided primary care for the children and Gary contributed little to their care during the marriage. Gary recognizes Carmen cared for the children, but advances he, too, was substantially involved in their lives.

Carmen and Gary are both loving and caring parents. The children love both of

them. They each have the ability to give the children adequate care. The children will be well cared for in either home. Their decision to seek to end their marriage is having a serious impact on their children's lives. Unfortunately, at the present time Gary and Carmen are unwilling to put their personal wishes aside and work in concert to help the children through these difficult times.

■ A custodial placement has its primary goal of placing the children in an environment most likely to bring the children to a healthy physical, mental, and social maturity. *See In re Marriage of Kunkel*, 555 N.W.2d 250, 253 (Iowa App.1996). A temporary custody order, by virtue of its definition, is intended as the statute provides to grant temporary relief and provide structure in the lives of children during the pendency of a dissolution when their parents are unable to agree on custodial arrangements. Because it is only temporary, factors which deal with long-term care may be given less weight.

■ The fact Carmen may have been the primary care parent is not dispositive. *See In re Marriage of Toedter*, 473 N.W.2d 233, 234 (Iowa App.1991). Even if Carmen were, the record shows Gary's time caring for the children has been substantial.

■ The temporary custody order basically followed the initial agreement Carmen and Gary made for caring for the children during the pendency of the dissolution. It allows the children ample access to both parents. It allows them to spend half their time on the farm where they were raised, while allowing them half their time to spend with their mother and adjust to her new environment. It continues their relationship with Gertrude Swanson, Gary's mother, who has provided child care for the children since birth. It provides for the three children to remain together. We can find no valid reason to change the temporary custody order entered by the trial court and affirm it in its entirety.

Carmen next contends she should not have been ordered to pay temporary child support of $553 a month.[1] Carmen contends Gary is not entitled to joint physical care of

Paige and, therefore, the support order should not have been predicated on child support payments for joint physical care of three children. We have affirmed the current custodial arrangement. We therefore need not address this issue.

Carmen further contends Gary's tax returns do not accurately reflect his financial situation. She contends because he is a farmer he has the ability to decrease his taxable income.

■ We recognize farmers have variable incomes. Gary advances he averaged his income as reported on his tax returns over a three-year period. A party with a variable income may need to have the income averaged to determine his or her "net income" as defined for purposes of fixing child support. See *In re Marriage of Roberts*, 545 N.W.2d 340, 343 (Iowa App.1996); *In re Marriage of Hardy*, 539 N.W.2d 729, 731 (Iowa App. 1995).

Gary advances while Carmen challenges the income computations made by the trial court, she has furnished no other information concerning Gary's income from which the trial court could arrive at a different figure. On our review, we agree with the trial court's computation of Gary's income. We affirm on this issue.

Carmen further contends the trial court erred in using the formula found in *In re Marriage of Fox*, 559 N.W.2d 26, 29 (Iowa 1997). She contends *Fox* addresses split custody cases, not shared physical care. Gary contends the trial court did not. He further advances Carmen has provided no other specific method of computation of the child support. Carmen has advanced no valid reason for us to modify the temporary support award made by the trial court. The result reached by the trial court is equitable.

We award no appellate attorney fees. Costs on appeal are taxed to Carmen.

AFFIRMED.

---

1. An amount reached by subtracting the amount the Guidelines would order Gary pay from the amount the Guidelines would order Carmen pay.