In re the MARRIAGE OF Nicole Laurece DENLY and Roger Gerald Denly.

Upon the Petition of

Nicole Laurece Denly, Appellee,

And Concerning

Roger Gerald Denly, Appellant.

No. 98–527.

Supreme Court of Iowa.

Feb. 17, 1999.

Thomas M. Walter of Johnson, Hester, Walter & Breckenridge, L.L.P., Ottumwa, for appellant.

Scott P. Duncan of Duncan, Green, Brown, Langeness & Eckley, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, SNELL, TERNUS, and CADY, JJ.

SNELL, Justice.

In this case, we must decide whether a temporary custody order entered in a dissolution proceeding is a final order appealable as a matter of right or an interlocutory order from which the right to an immediate appeal must be sought and granted by our court. We conclude that a temporary custody order is interlocutory in nature. We therefore consider this appeal as an application for interlocutory appeal, which we decline to grant. Thus, we dismiss the appeal from the district court's temporary custody order.

## I. Factual and Procedural History

Petitioner Nicole Denly filed a petition for dissolution of marriage and an application for temporary physical custody, temporary child support and attorney fees on February 5, 1998. Following the submission of numerous affidavits by the parties, the court awarded temporary physical custody of the parties' minor daughter, Maggie, to Nicole, with visitation granted to the respondent, Roger Denly. The court also ordered Roger to pay temporary support in the amount of $388.16 per month.

Roger subsequently filed a motion to enlarge pursuant to Iowa Rule of Civil Procedure 179(b), requesting the district court to set forth findings of fact supporting its decision. The court denied the motion. On appeal, Roger maintains error occurred procedurally, by the district court's failure to set forth specific reasons for its ruling, and substantively, by the court's award of temporary custody of Maggie to Nicole.

## II. Whether a Temporary Custody Order Is Final or Interlocutory in Nature

Before the merits of this appeal may be reached, a jurisdictional issue regarding the appealability of a temporary custody order must be resolved. Specifically, we must determine whether a temporary custody order is a final judgment, appealable as a matter of right, or merely an interlocutory decision, from which permission must be sought and received from our court prior to proceeding with an immediate appeal.

We first examine our rules of appellate procedure which set forth the rules regarding appellate jurisdiction. Iowa Rule of Appellate Procedure 1(a) provides that "[a]ll *final* judgments and decisions of the district court ... may be appealed to the supreme court, except as provided in this rule." (Emphasis added.) Rule 1(c) further provides that "[n]o interlocutory ruling or decision may be appealed *except as provided in Iowa Rule of Appellate Procedure 2 until after the final judgment or order.*" Rule 1(d) states:

If an appeal to the supreme court is improvidently taken because the order from which appeal is taken is interlocutory, this alone shall not be ground for dismissal. The papers upon which the appeal was taken shall be regarded and acted upon as an application for interlocutory appeal under Iowa Rule of Appellate Procedure 2.

A request for interlocutory appeal may be granted "on finding that such ruling or decision involves substantial rights and will materially affect the final decision and that a determination of its correctness before trial on the merits will better serve the interests of justice." Iowa R.App. P. 2(a).

Our court has previously considered several related issues, but has never specifically determined whether a temporary custody order is a final judgment appealable as a matter of right. In *In re Marriage of Prybil,* 230 N.W.2d 487, 488 (Iowa 1975), we held that the husband's failure to appeal an order directing payment of temporary alimony within the appointed time constituted a waiver of his right to appellate review of that decision. Instead of appealing upon entry of the temporary alimony order, the husband waited until entry of the final decree and then sought appellate review of the order. We quoted an earlier case which states as follows:

The application for [temporary] alimony, though not a separate suit, is a proceeding for a separate judgment, and when granted has nothing to do with the final judgment in the case and will not be affected by it. It is a final judgment in the sense that an appeal may be taken therefrom.

*Walsmith v. Jackson,* 195 Iowa 630, 632, 192 N.W. 513, 514 (1923). We also noted several cases in which appeals had been taken as a matter of right from temporary alimony orders. Based on the rule set forth in *Walsmith,* we refused to consider the husband's claim that temporary alimony should not have been allowed because he failed to appeal the order within the time permitted. *Prybil,* 230 N.W.2d at 488–89.

In *In re Marriage of Winegard,* 257 N.W.2d 609, 614 (Iowa 1977), we held that the district court's award of temporary attorney fees in a dissolution action constituted a final judgment and thus was appealable as a matter of right. We noted the following

authority with regard to the character of a final judgment:

> As repeatedly articulated by this court, a final judgment or decision is one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original position. A ruling or order is interlocutory if it is not finally decisive of the case.

*Mid–Continent Refrigerator Co. v. Harris*, 248 N.W.2d 145, 146 (Iowa 1976) (citations omitted).

We noted in *Winegard* that a majority of jurisdictions which had considered the issue of the appealability of an order granting temporary alimony were in accord with the decision in *Prybil* and those courts "refused to differentiate between an order for temporary alimony and orders granting other temporary, financial assistance." *Winegard*, 257 N.W.2d at 614 (citing 27B C.J.S. *Divorce* § 248(1)(b), at 216–17 (now found at 27B C.J.S. *Divorce* § 490, at 466–67 (1996))).

■ Therefore, from *Prybil* and *Winegard*, we can glean the following rule: temporary orders involving financial assistance in dissolution cases are final judgments which are appealable as a matter of right pursuant to Iowa Rule of Appellate Procedure 1(a), and must be appealed within 30 days from the district court decision in order to preserve the right to contest the award of assistance.

Iowa Code section 598.11 (1997) provides for the entry of temporary orders in dissolution proceedings, including orders for financial assistance such as support and maintenance and attorney fees, and orders regarding the temporary custody of any minor child affected by the action. The court of appeals, apparently based on our decisions in *Prybil* and *Winegard*, has held that *any* temporary order entered pursuant to section 598.11 is a final judgment appealable as a matter of right.

In *In re Marriage of Campbell*, 451 N.W.2d 192 (Iowa App.1989), the district court's dissolution decree placed the child in joint legal custody and in the wife's physical care. These custody provisions were not challenged in the appeal. Prior to the issuance of the decree, the district court awarded the wife temporary child support, attorney fees and temporary alimony. Following issuance of the final dissolution decree, the husband appealed, contesting, among other rulings, the award of temporary attorney fees and temporary alimony. The court of appeals noted that those awards were entered on April 12, 1988, and May 13, 1988, respectively, while the husband did not file notice of appeal until September 13, 1988, well past the thirty-day time limit for filing a notice of appeal. The court held that all temporary orders entered pursuant to section 598.11 are final judgments. *Campbell*, 451 N.W.2d at 195; *accord In re Marriage of Springer*, 538 N.W.2d 897, 900–01 (Iowa App.1995). Therefore, the court found the husband waived his right to appeal those awards by not filing an appeal within thirty days after the orders were entered. *Campbell*, 451 N.W.2d at 195.

In *In re Marriage of Swanson*, 586 N.W.2d 527, 528 (Iowa App.1998), the court of appeals followed its statement in *Campbell* that all orders entered pursuant to Iowa Code section 598.11 are final orders appealable as a matter of right, and thereby extended our holdings in *Prybil* and *Winegard*. The court found that an order awarding temporary custody of a minor child was a final judgment. The court did not state its reasons for so finding, but relied on its earlier holdings in *Campbell* and *Springer*.

■ We must decide whether the court of appeals was correct in interpreting our decisions in *Prybil* and *Winegard* to apply to all orders issued pursuant to Iowa Code section 598.11, specifically temporary custody orders. We conclude that temporary custody orders should not be considered final judgments for purposes of appeal. We note that orders for temporary alimony and attorney fees are independent orders that can be enforced separate from the final decree and will not be reviewed by the district court in its final disposition of the case. *See Walsmith*, 195 Iowa at 632, 192 N.W. at 514. Temporary custody orders, however, are subsumed in the final custody determination and are not judgments that can be separately enforced. *See id.*

Moreover, matters of practicality and policy support the conclusion that temporary custody orders should not be considered final judgments. We have often stated the maxim that the custody of children should be quickly fixed and seldom disturbed. *See Schoonover v. Schoonover*, 228 N.W.2d 31, 34 (Iowa 1975). Allowing appeals as a matter of right from temporary custody orders would run counter to this proposition. Refusing to allow appeals as a matter of right from temporary custody orders also promotes judicial economy and efficiency. Postponing review of a custody determination until a final order has been entered would also give our court the benefit of the district court's careful consideration of the issue. We agree with the following statement of policy reasons supporting the conclusion that temporary custody orders are not final for purposes of appeal:

> [T]his holding will protect the child from the protraction of custody litigation through repetitive appeals while still allowing prompt and comprehensive review of custody determinations. It will also support judicial economy and efficiency. and uphold the integrity of the trial court's process in deciding custody matters.... [T]o permit piecemeal appeals subjects the child to the uncertainties of ongoing litigation.

*G.B. v. M.M.B.*, 448 Pa.Super. 133, 670 A.2d 714, 720 (1996).

Several jurisdictions have considered this issue and reached the same conclusion. *See In re Marriage of Henne*, 620 P.2d 62, 64 (Colo.Ct.App.1980) (orders establishing the financial rights and obligations of the parties until the entry of permanent orders are final for purposes of review, but order granting temporary custody of child to one party is not final); *Nenninger v. Nenninger*, 789 S.W.2d 62, 62 (Mo.Ct.App.1990) (temporary orders regarding child support, spousal maintenance and attorney fees in dissolution cases are appealable final judgments, while temporary child custody awards are not final for purposes of appeal); *G.B.*, 670 A.2d at 718 (noting important policy reasons exist to analyze finality of custody orders differently from other civil court orders); *see also*

*B.W.C. v. State Dep't of Human Resources*, 582 So.2d 579, 580 (Ala.Civ.App.1991) (temporary custody order was pendente lite (pending litigation) and therefore not appealable); *Badeaux v. Riley*, 595 So.2d 1173, 1173–74 (La.Ct.App.1992) (no appeal lies from a judgment awarding temporary custody). *Compare* 27B C.J.S. *Divorce* § 490, at 466–67 (1986) (under general rule, orders for temporary alimony and attorney fees are final for purposes of appeal), *with* 27C C.J.S. *Divorce* § 738, at 392–93 (1986) (a temporary custody order is generally deemed an interlocutory order).

Our holding today is at odds with the recent holding of the court of appeals in *Swanson*, which concluded that temporary custody orders are final judgments appealable as a matter of right. *Swanson*, 586 N.W.2d at 528. We therefore overrule that holding. Similarly, we disavow the statements in *Campbell* and *Springer* that all temporary orders entered pursuant to Iowa Code section 598.11 are final judgments for purposes of appeal. *See Campbell*, 451 N.W.2d at 195; *Springer*, 538 N.W.2d at 900. Temporary custody orders are not final judgments appealable as a matter of right, but rather are interlocutory orders from which permission to appeal must be obtained from our court.

### III. Whether Permission to Appeal Should Be Granted

Under Iowa Rule of Appellate Procedure 1(d), an appeal improperly presented as arising from a final judgment is regarded as an application for interlocutory appeal. Rule 2(a) provides the standard to be utilized in deciding whether to grant or deny an application for interlocutory appeal.

Pursuant to these rules, we consider Roger's appeal from the district court's temporary custody order as an application for interlocutory appeal. In order to grant the application we must find: (1) that the court's order involves substantial rights; (2) the order will materially affect the final decision; and (3) that a determination of the order's correctness before trial on the merits will better serve the interests of justice. *See* Iowa R.App. P. 2(a); *Banco Mortgage Co. v.*

*Steil,* 351 N.W.2d 784, 787 (Iowa 1984) (test for granting permission to appeal for those appeals improvidently taken from interlocutory orders is same as test applied under rule 2(a)). We note that in prior cases "[w]e have been very reluctant to allow interlocutory appeals in this manner." *In re W.D. III,* 562 N.W.2d 183, 186 (Iowa 1997); *see also In re Marriage of Graziano,* 573 N.W.2d 598, 600 (Iowa 1998) ("We ... cannot and do not grant permission under rule 1(d) merely because child placement is implicated.").

We find Roger's appeal fails to satisfy at least one of the necessary requirements for granting interlocutory appeal. The district court's decision on the temporary custody issue does not "materially affect the final decision." Although Roger argues otherwise, which party is awarded custody of the couple's child or children on a temporary basis is not a factor that the district court is to consider in determining the final custody arrangement. *See* Iowa Code § 598.41. Moreover, we have great faith in the district court that the award of temporary custody to Nicole will not unduly influence the final custody determination. We also find that granting interlocutory appeal in this case would not "better serve the interests of justice." As noted above in our discussion of whether a temporary custody order is final or interlocutory, granting an interlocutory appeal in this situation would only serve to slow the litigation process and could result in the child being uprooted from his or her home more times than is necessary in a typical custody situation. Further, we note that the district court granted Roger liberal visitation rights in its temporary order and the parties live near one another, which would further foster visitation opportunities.

We deny permission for interlocutory appeal pursuant to Iowa Rules of Appellate Procedure 1(d) and 2(a). This ruling necessitates dismissal of the appeal and we need not consider the merits.

**APPEAL DISMISSED.**