| .MARION F. EDWARDS, Judge.
The instant appeals are taken from two judgments of the district court relative to custody and contempt of court. We dismiss the appeal relative to custody, and annul and set aside the portion of the judgment relative to contempt.
The actions arose from and during the bitter divorce between Henry Kent Muller Sr. (Muller) and Jana Anne Martin Muller (Jana). The parties were ultimately divorced in March 2001.
Of their marriage, a child, Brian Garland Muller was born. In June 2000, Muller, in proper person, filed a Petition for Divorce, Incidental Matters, and Domestic Relief *533 Under the Domestic Violence Abuse Act. In addition to divorce, the petition sought joint custody of Brian, with Muller as primary physical custodian, as well as child support and alimony. Numerous allegations against Jana were made in the pleading, and Muller sought a restraining order and permanent injunction enjoining Jana from abusing, harassing, or interfering with him. Jana responded with her own Rule for Custody and Temporary Restraining Order.
| sMuller continued to represent himself in the district court, as well as on appeal. Following a hearing by a domestic commissioner for the Parish of Jefferson in August of 2000, an interim judgment was rendered, and Muller was awarded interim custody of Brian, with Jana ordered to pay child support, medical expenses for Brian, and spousal support. She was granted visitation, and the court further ordered the parties to be evaluated.
In September 2000, Jana filed a Motion for Contempt, averring that Muller had refused to allow visitation. Muller filed his own contempt proceedings, alleging among other things that Jana had refused to attend a court-ordered seminar, refused to provide discovery, refused to pay child support, alimony, and medical expenses. At the hearing on the contempt motions, Jana tendered payment of all past due expenses. In a judgment rendered December 19, 2000, the court found her to be in contempt for failure to timely pay, and ordered her to pay Muller’s costs to bring the proceeding. The court then determined that because of the payment, Jana was purged of contempt. Further, Muller was found in contempt for failure to permit visitation, and sentenced to 30 days in prison, which sentence was suspended “on the condition that Henry Kent Muller not interfere with the court ordered visitation and that he pay the sum of $500.00 as attorney’s fees to Jana Anne Martin Muller, and that he pay her court costs in the amount of $125.00.” Both parties were ordered to submit to evaluation.
In February 2001 Jana filed a Motion for Temporary Custody, alleging that Brian was in danger of abuse. A Temporary Restraining Order issued, prohibiting Muller form abusing or punishing Brian and setting a hearing for a preliminary injunction. Attached to this pleading was an affidavit by Brian, detailing physical and mental abuse by his father.
Muller responded with a Motion For Contempt, averring that Jana violated a restraining order prohibiting her from harassing him, and also urging that the Rmotion for custody was baseless. Hearing on both actions proceeded in February 2001. Following that hearing, the court issued a judgment in March 2001, awarding Jana temporary primary physical custody of Brian, while maintaining joint custody. Among other things, child support payments due by Jana were terminated.
Muller appeals that portion of the March judgment that changes temporary physical custody from himself to Jana. The transcript indicates that the court determined to delay a final adjudication on the custody issue pending receipt of the evaluations undergone by the family.
This court has previously held that there is no appeal from a judgment awarding temporary custody.[1] Such judgment is interlocutory in nature and we thus do not consider it on appeal.
*534 Several rules were then set to be heard in May 2001, among them a Rule to Traverse Forma Pauperis status of Muller filed by Jana; a Rule to Return the Minor Child to Henry Muller; and a Rule to Compel Evaluation. Muller also urges error in the judgment emanating from that hearing, dated May 10, 2001, which states that:
... Henry Kent Muller, Sr. has already been found to be in contempt of this Court’s judgment of December 19, 2000, and is ordered to pay Jana Anne Martin Muller the sum of $625.00 on or before June 1, 2001, or pay $600.00 to Ms Les-lye Hunter of the Custody Center for which he will be given a credit against what he owes Jana Anne Martin Muller on or before June 1, 2001, or serve 30 days in jail in this parish.
On appeal, he appears to argue that there was no underlying or previous contempt, because the money which he was ordered to pay was “sanction in the form of an ‘attorney fee’ and not a contempt fíne.” As outlined above, Muller was clearly found in contempt of court in December 19, 2000 judgment, pursuant to a Isproperly filed rule, and he was ordered to allow visitation as well as to pay Jana’s attorney fees and court costs.
However, the record does not disclose any further rule to show cause for contempt against Muller for failure to pay those court costs and attorney fees set to be heard in May. The only contempt actions before the court in May 2001 were those motions filed by Muller against Jana. In the colloquy between the court and Muller, Muller explained to the court that he had not paid the fees and costs ordered in December because he intended to appeal that judgment. The court informed Muller that appeal delays had lapsed, and because Jana was also under an order to pay court costs to her former husband, attempted to facilitate matters. The court gave Muller the option to pay $600.00 to the court-ordered evaluator, Ms. Hunter, and $25.00 to Jana, or to pay Jana the $625.00 due. “I think it is reasonable to do. If you choose not to do that, I have no choice but to execute the 30 days in jail.”
Under La. C.C.P. art. 224, failure to pay the attorney fees and court costs would constitute constructive contempt. C.C.P. art. 225 states in pertinent part:
A. Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly. The rule to show cause may issue on the court’s own motion or on motion of a party to the action or proceeding and shall state the facts alleged to constitute the contempt. A person charged with committing a constructive contempt of a court of appeal may be found guilty thereof and punished therefor after receiving a notice to show cause, by brief, to be filed not less than forty-eight hours from the date the person receives such notice why he should not be found guilty of contempt and punished accordingly. The person so charged shall be granted an oral hearing on the charge if he submits a written request to the clerk of the appellate court within forty-eight hours after receiving notice of the charge.
IfiThe court here altered the substance of the December contempt finding, by ordering Muller to pay either Jana or Ms. Hunter, or else be in contempt. In the absence of a rule to show cause filed in accordance with the above statute, the court had no authority to conduct a contempt rule against Mr. Muller in May 2001 or to issue *535 a judgment pursuant to any such proceedings. Therefore, that portion of the judgment dated May 21, 2001, must be annulled and set aside.
For the foregoing reasons, the appeal from the order dated March 2, 2001, granting Jana interim physical custody is dismissed. The portion of the judgment of May 21, 2001, ordering Muller to pay either Jana or Ms. Hunter, or else serve 30 days in jail, is annulled and set aside. Mr. Muller is ordered to pay costs of this appeal, and the matter is remanded to the district court.
APPEAL DISMISSED IN PART; JUDGMENT ANNULLED AND SET ASIDE IN PART; REMANDED.

. Badeaux v. Riley 595 So.2d 1173, (La.App. 5 Cir.1992). See also Mills v. Wilkerson, 34,694 (La.App. 2 Cir. 3/26/01) 785 So.2d 69.