# IN THE COURT OF APPEALS OF IOWA

No. 13-2044
Filed October 1, 2014

IN RE THE MARRIAGE OF SUSAN MICHELLE THATCHER
AND RONALD DEAN THATCHER

Upon the Petition of
SUSAN MICHELLE THATCHER,
      Petitioner,

Anna Carson as Executor for the
ESTATE OF SUSAN MICHELLE THATCHER
      Appellee,

And Concerning
RONALD DEAN THATCHER,
      Respondent-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Marsha M.
Beckelman, Judge.

Ronald Thatcher seeks to vacate the decree dissolving his marriage to
Susan Thatcher. **APPEAL DISMISSED.**

Allison M. Heffern and Kerry A. Finley of Shuttleworth & Ingersoll, P.L.C.,
Cedar Rapids, for appellant.

Sherry L. Schulte of Crawford, Sullivan, Read & Roemerman, P.C., Cedar
Rapids, for appellee.

Considered by Vogel, P.J., Bower, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Ronald Thatcher seeks to vacate the decree dissolving his marriage to Susan Thatcher by appealing the order granting bifurcated proceedings. We conclude the order is not a final, appealable order and find Ronald has not satisfied the conditions for interlocutory appeal. Therefore, we dismiss his appeal.

## I. Background Facts and Proceedings.

Ronald and Susan were married in 1984. In January 2013, Susan learned she had terminal cancer, which limited her life expectancy to one year. She filed a petition for dissolution in September 2013 and unsuccessfully attempted to schedule a settlement conference with Ronald.

With her health declining, Susan filed a motion to bifurcate the proceedings on November 22, 2013. She sought to have the dissolution of the marriage bifurcated from the property division. Ronald resisted the motion. On November 25, 2013, Susan supplemented her motion with letters from two of her treating physicians, who stated she had terminal cancer and her life expectancy was "limited from days to possibly weeks."

A hearing was held on November 26, 2013. On November 27, 2013, the court entered its order granting Susan's motion to bifurcate. Based on the parties' stipulation, the court found there was a breakdown of the marriage relationship to the extent that the legitimate objects of matrimony have been destroyed and there remained no reasonable likelihood that the marriage could be preserved. It granted the dissolution of marriage and ordered the property to be distributed at a later date.

Susan died the day after the order was entered,[1] and Ronald has appealed.

## II. Analysis.

The first question we must decide is whether the bifurcation order is a final order. An order is final if it "finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original position. A ruling or order is interlocutory if it is not finally decisive of the case." *In re Marriage of Denly*, 590 N.W.2d 48, 50 (Iowa 1999).

A bifurcation order is not a final order because it does not conclusively adjudicate the rights of the parties. *See In re Marriage of Welp*, 596 N.W.2d 569, 572 (Iowa 1999). Ronald argues the bifurcation order is appealable because it is accompanied by the order dissolving the parties' marriage, which he claims is final. We disagree. An appeal from a bifurcated proceeding is timely if it is from the judgment that finally determines the rights of the parties, a rule our supreme court deems necessary to prevent "piecemeal" appeals. *Pundzak, Inc. v. Cook*, 500 N.W.2d 424, 426 (Iowa 1993). The order appealed from anticipates some later act—namely, the distribution of the parties' property—and is, therefore, not final. *See River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 477 (Iowa 1984) ("A ruling is not final when the trial court intends to act further on the case before signifying its final adjudication of the issues.").

In the alternative, Ronald argues we should consider his claims on interlocutory appeal. *See* Iowa R. App. P. 6.108 ("If any case is initiated by a notice of appeal, an application for interlocutory appeal, an application for

---

[1] Susan's estate was substituted as a party on appeal.

discretionary review, or a petition for writ of certiorari and the appellate court determines another form of review was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been requested."). "The supreme court may grant permission to appeal on finding that such ruling or order involves substantial rights and will materially affect the final decision and that a determination of its correctness before trial on the merits will better serve the interests of justice." Iowa R. App. P. 6.104(2). Such appeals are granted "sparingly." *Buechel v. Five Star Quality Care, Inc.*, 745 N.W.2d 732, 735 (Iowa 2008).

Ronald argues he was prejudiced by the grant of Susan's motion to bifurcate the proceedings. He claims the court's order violates various procedural protections set forth in Iowa Code chapter 598 (2013), the Iowa Rules of Civil Procedure, and his due process rights. His complaints regarding bypassing mediation and conciliation services have no merit here, where Susan died the day after the order was entered. He further complains Susan's death prevents him from conducting discovery or cross-examining her at trial. Rule 1.221 allows the estate of deceased party to be substituted as a party. Because the district court preserved the property distribution for later proceedings, the estate was properly substituted as a party to those proceedings. *See* Iowa Code § 598.20 ("When a dissolution of marriage is decreed the parties shall forfeit all rights acquired by marriage which are not specifically preserved in the decree."); *Iowa Beta Chapter of Phi Delta Theta Fraternity v. State*, 763 N.W.2d 250, 258 (Iowa 2009) ("When a person dies before the conclusion of the litigation, the person's estate is the real party in interest.").

We conclude Ronald cannot show the bifurcation order will materially affect the final decision. The district court properly preserved the property issues for a later date. Ronald may appeal from that ruling once it has been made. *See Oliver v. Oliver*, 248 N.W. 233, 234 (1933) (holding death of a party does not prevent an appeal of property issues in a dissolution action). Accordingly, we dismiss Ronald's appeal.

Both parties request an award of appellate attorney fees. Such awards "are not a matter of right, but rather rest in this court's discretion." *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013). In determining whether to award appellate attorney fees, we consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Id.*

Because there has been no trial on the property issues, we lack evidence upon which to determine an award of appellate attorney fees. *See Locke v. Locke*, 246 N.W.2d 246, 255 (Iowa 1976). When determining the property issues, the trial court should address the requests for attorney fees. *See id.* Costs of the appeal are taxed to Ronald.

**APPEAL DISMISSED.**