**IN THE COURT OF APPEALS OF IOWA**

No. 21-1355
Filed April 13, 2022


IN RE THE MARRIAGE OF ANN MARIE BOYSEN
AND CHAD WILLIAM BOYSEN

Upon the Petition of
ANN MARIE BOYSEN,
        Petitioner-Appellee,

And Concerning
CHAD WILLIAM BOYSEN,
        Respondent-Appellant.
_____


        Appeal from the Iowa District Court for Pocahontas County, Angela L.

Doyle, Judge.


        Chad Boysen appeals the provisions of a temporary order entered during

the proceedings to dissolve his marriage to Ann Boysen. **AFFIRMED.**


        Dani L. Eisentrager, Eagle Grove, for appellant.

        James R. Hinchliff of Shindler, Anderson, Goplerud & Weese, P.C., West

Des Moines, for appellee.


        Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Chad Boysen appeals the support provisions and award of attorney fees in a temporary order entered during the proceedings to dissolve his marriage to Ann Boysen.[1]  Under a partial stipulation, and recognizing that the parties' oldest child refused to spend time in Ann's home, the district court granted the parties joint legal custody of their three children and placed them in the parties' joint physical care.  Finding that Chad earns $61,690.00 per year from four sources,[2] and that Ann earns $45,678.00 per year as a school nurse and CTE instructor, the court ordered Chad to pay $75.00 per month in temporary child support and $1000.00 per month in temporary spousal support.  It also ordered Chad to pay $2500.00 toward Ann's temporary attorney fees.  We affirm.

Chad challenges the amount of his temporary child support obligation, the award of temporary spousal support, and the award of temporary trial attorney fees.  Generally, we review dissolution proceedings de novo.  *See* Iowa R. App. P. 6.907; *In re Marriage of Mauer*, 874 N.W.2d 103, 106 (Iowa 2016).  This means that we give weight to the district court's fact findings, even though they are not

---

[1] Iowa Code section 598.10 (2021) allows the court to enter temporary orders for "the separate support and maintenance of the other party and the children and to enable such party to prosecute or defend the action."  Unlike temporary custody orders, temporary orders for financial assistance are final judgments appealable as a matter of right.  *See In re Marriage of Denly*, 590 N.W.2d 48, 50-51 (Iowa 1999).

[2] The district court found that in 2020 Chad earned $41,757.00 from Boysen Grain & Livestock, Inc., a family-owned farm corporation.  He also earned $8050.00 in director fees for serving on a local board, $677.00 in net income from rental of certain real property, and $11,206.00 in net profit from operating a gun business known as Indian Traders.

binding. *See Mauer*, 874 N.W.2d at 106. We will disturb those findings only if they fail to do equity. *See id.*

Resolution of the three issues on appeal first requires determination of the parties' earnings. *See, e.g.*, *In re Marriage of Wade*, 780 N.W.2d 563, 566 (Iowa Ct. App. 2010) (stating application of the child support guidelines requires determining the parties' net monthly income); *In re Marriage of Schenkelberg*, 824 N.W.2d 481, 486–87 (Iowa 2012) (stating an award of spousal support depends on the circumstances of each case and factors the comparative earning capacities of the parties); *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006) (considering "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal" in reviewing an award of trial attorney fees). Though the parties agree that Ann earned $45,678.00 as a school nurse in 2020, as shown in her W-2 Wage and Tax Statement, Chad argues that Ann has credentials to be a professor and therefore the ability to earn substantially more. And though Chad admits that his 2020 earnings matched the district court's findings, he argues that the court should have averaged his earnings over three years, which would have led to an annual average income of $59,290.33 from all sources.[3]

The record before us on appeal is not robust. Instead of testimony, the court allowed each party to submit an affidavit of financial status and child support guidelines worksheets, as well as a testimonial affidavit of five double-spaced

---

[3] The three-year average for Chad's income includes $48,982.00 from Boysen Grain & Livestock, Inc., $7481.00 in director's fees, $190.00 in rental income, and $7481.00 from Indian Traders.

pages or less, using size 14 font. Having reviewed the record, we note that the parties do not dispute their actual 2020 earnings but disagree on whether their actual earnings should have been used by the district court to calculate temporary support. Ann agrees with the court's income findings. Chad, on the other hand, seems to argue without specificity that the district court should have imputed more income to Ann and should have used an average of his income over three years in calculating support obligations. Chad also argues that Ann should not receive spousal support because her boyfriend, who works full-time, resides in her home.

Chad challenges the district court's findings relative to his income, insisting that the court should have considered a three-year average of his various incomes. In support of this contention, Chad asserts that income from his gun business was higher in 2020 than it had ever been and that he would be unable to continue to operate the gun business like he had in the past because of becoming a one-parent household. That said, his three-year average for his employment with Boysen Grain was nearly $7000.00 higher than his 2020 income and the three-year average for his director's compensation and rental income were cumulatively only $1056.00 less than his 2020 figures.

"A court must determine the parent's monthly income from the most reliable evidence presented." *In re Marriage of Powell*, 474 N.W.2d 531, 534 (Iowa 1991). "Where the parent's income is subject to substantial fluctuations, it may be necessary to average the income over a reasonable period when determining current monthly income." *Id.* "All income that is not anomalous, uncertain, or speculative should be included when determining a party's child support obligations." *In re Marriage of Nelson*, 570 N.W.2d 103, 105 (Iowa 1997). Non-

recurring income should not be considered. *In re Marriage of Will*, 602 N.W.2d 202, 204 (Iowa Ct. App. 1999). Here, the district court included no anomalous, uncertain, speculative, or non-recurring income in its calculations. We find the district court's use of the parties' 2020 incomes was appropriate, especially considering the temporary nature of the support order before us. On this basis, we affirm the finding that Chad earns $61,690.00 per year and that Ann earns $45,678.00 per year.

In view of our findings relative to the parties' incomes, we affirm the district court's child-support determination. *See Wade*, 780 N.W.2d at 566 (stating that the court must first determine the parties' net monthly income to apply the child support guidelines). The district court did not fully adopt either of the parties' support guidelines calculations in its temporary order, nor did it include with its order a calculation of its own. But the court provided sufficient factual findings for this court to ascertain the appropriate level of child support pursuant to the Iowa Child Support Guidelines. Subtracting $916.00 per month for the cost of Ann's health insurance from the above income, and assuming spousal support in the amount of $1000.00 per month from Chad to Ann, we find that the guidelines support a monthly support award in Ann's favor of $351.13. Although the court ordered Chad to pay only $75.00 in child support, Ann does not contest the award of less than provided by the guidelines, supposedly because the parties' oldest child has chosen not to spend time in her care. We have rejected Chad's argument to lower his child support payment based on his three-year average income and imputing income to Ann. Chad provides no other compelling reason to further

reduce the amount of his child support payment. We affirm the award of $75.00 per month in child support.

We turn then to the district court's award of spousal support to Ann in the amount of $1000.00 per month. Spousal support depends on the circumstances of each case and factors the comparative earning capacities of the parties. *See Schenkelberg*, 824 N.W.2d at 486-87. Because the court has "considerable latitude" in determining an award of spousal support, we only disturb the award if it fails to do equity. *Id.* at 486.

Chad argues it is inequitable to award Ann spousal support given the parties' respective financial positions and because Ann is cohabiting with another employed adult. Chad asserts that this individual is "likely" contributing to Ann's monthly expenses and, if he is not, Chad should not have to support another adult living in her home. Chad also argues that the district court did not make sufficient findings under Iowa Code section 598.21A to determine whether the amount and award of support is appropriate.[4]

A temporary award of spousal support is governed by Iowa Code sections 598.10 and 598.11. To award *temporary* alimony, the court is directed to "take into consideration the age of the applicant, the physical and pecuniary condition of the parties, and other matters as are pertinent, which may be shown by affidavits." *See* Iowa Code § 598.11(1). The factors outlined in Iowa Code section 598.21A apply only upon "judgment of annulment, dissolution, or separate

---

[4] Chad argues that because the district court did not specify that the alimony awarded was traditional, rehabilitative, or reimbursement alimony, the court made insufficient findings to award temporary alimony.

maintenance." *See id.* § 598.21A(1). In other words, the factors listed in that statute apply to final judgments, not temporary ones. While such factors would be relevant upon the parties' final decree of dissolution, here they are not. Here, we focus on the "pecuniary condition" of each party. *Id.* § 598.11(1).

We have already rejected Chad's claim about his annual earnings. We also reject his claim that Ann has no need for spousal support because another adult male who is employed lives in her home. This claim lacks specificity and, more importantly, it ignores that, unlike him, the other individual has no legal obligation to contribute to the support of either Ann or the parties' children.

Chad also argues that awarding Ann spousal support is unnecessary and unjust because, by his calculations, he would be left with $3203.89 per month to live on after deducting the spousal support from his income while Ann would have $4366.12 per month of net income. But we note that Ann's financial affidavit shows that her net monthly income is greatly exceeded by her total monthly expenses of $6264.61. In contrast, though Chad's financial affidavit shows monthly living expenses of $7126.00, the district court found that this figure appeared to be "inaccurate and artificially high," and that it was "unable to determine an accurate representation of Chad's living expenses based upon the information provided by him." The court also found that many of Chad's living expenses were reimbursed by Boysen Grain & Livestock. The district court also found that after the filing of Ann's financial affidavit, Chad withdrew the balance from and closed the parties' joint checking account and further withdrew $10,000.00 from the parties' joint savings account, all without Ann's knowledge. The court further found Ann no longer had access to a business account or a second savings account and could

no longer charge groceries to Boysen Grain & Livestock, effectively leaving her without adequate means to cover her monthly expenses. Because the court's findings hinge on credibility issues, and because we defer to the court's credibility findings, we cannot conclude that the district court's award of spousal support to Ann did not do equity.

Chad's last contention on appeal concerns the award of temporary attorney fees. Such an award is within the discretion of the court. *See Sullins*, 715 N.W.2d at 255. To overturn an award of attorney fees, a party must show the ruling "rests on grounds that are clearly unreasonable or untenable." *In re Marriage of Erpelding*, 917 N.W.2d 235, 238 (Iowa 2018) (citation omitted). "A ruling is clearly unreasonable or untenable when it is 'not supported by substantial evidence or when it is based on an erroneous application of law.'" *In re Marriage of Kimbro*, 826 N.W.2d 696, 698-99 (Iowa 2013) (citation omitted). The district court awarded this specific figure because it found credible Ann's contention that Chad paid $5000.00 to his attorney from joint funds, where Ann had only paid a $2500.00 to her attorney from joint funds before hearing. For this and for the reasons already cited, we find the award of $2500.00 in temporary attorney fees is neither unreasonable nor untenable.

Finally, each of the parties requests an award of appellate attorney fees. Such an award is not a matter of right but rests in our discretion. *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013). In exercising this discretion, we consider the needs of the party seeking appellate attorney fees, the other party's ability to pay, and the merits of the claims made on appeal. *See id.* Given the

temporary support and attorney fees awarded by the district court, we decline to award either party appellate attorney fees.

In summary, we affirm the temporary order providing financial support and temporary attorney fees and deny both parties' requests for appellate attorney fees.

**AFFIRMED.**